28443. STATE OF GEORGIA v. BRUCE et al.

ARGUED JANUARY 14, 1974 — DECIDED FEBRUARY 6, 1974 — REHEARING DENIED MARCH 7, 1974.

*Arthur K. Bolton, Attorney General, Don A. Langham, Assistant Attorney General, Glenna L. Stone, Deputy Assistant Attorney General, Zorn & Royal, William A. Zorn,* for appellant.

*Nightingale, Liles & Dennard, B. N. Nightingale, Reid W. Harris, W. N. Little, Lucian J. Endicott, Lissner & Killian, J. J. Lissner,* for appellees.

NICHOLS, Justice. Section 24A of the Civil Practice Act as amended (Ga. L. 1966, p. 609; 1968, p. 1104; Code Ann. § 81A-124 (a)), provides for intervention as a matter of right when a statute confers an unconditional right to intervene or when the applicant claims an interest relating to the property which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect such interest unless such interest is adequately represented by the existing parties in the action.

The land registration law (Code Title 60) requires that a petition for land registration include the names of all adjoining landowners (Code § 60-207). It also requires service upon such adjoining land

owners. See *Couey v. Talalah Estates Corp.,* 183 Ga. 442, 447 (188 SE 822); and Pindar, Georgia Real Estate Law § 24-19, p. 965 and cits.

The question thus presented is whether the State of Georgia, as the owner of the ocean within 3 geographical miles of the ordinary low-water mark (Code § 15-101), is an adjoining landowner where the land sought to be registered was built up by accretion over a long period of years. The contention of the petitioners that the state is not an adjoining landowner is based on the assertion that they are seeking to register such land only to the high tide line, that the state only owns the ocean from the low tide line seaward, and that the petitioners, as a result of Code § 85-1309 and the revision of Article I, Section VI, Paragraph I of the Constitution of 1945 (Code Ann. § 2-601) were already owners of the land between the high- and low-tide marks which area was the adjoining property on the seaward side and sought to be registered.

The petitioners on the one hand contend that they are only attempting to register that land above the high-tide line and on the other hand contend that registration of such land takes with it the tidal area where the sea regularly ebbs and flows. "In the absence of special title by grant, lease or otherwise, the boundary of the landowner abutting on the ocean or any bay or arm thereof where the tide regularly ebbs and flows, extends only to the high-water mark . . . Where the owners of property fronting on the ocean convey a lot extending only to the high-water mark, the grantee acquires no title to the strip of land between the high- and low-water mark, even though it be owned by the grantor." Pindar, Georgia Real Estate Law, supra, § 13-23, p. 452 and citations. Such was the law in Georgia prior to this adoption of Code § 85-1309. See *Johnson v. State,* 114 Ga. 790 (40 SE 807); *Rauers v. Persons,* 144 Ga. 23 (86 SE 244); *West v. Baumgartner,* 124 Ga. App. 318 (184 SE2d 213), reversed on other grounds, *West v. Baumgartner,* 228 Ga. 671 (187 SE2d 665). As shown above the petitioners are seeking to register the land above the high-tide mark while at the same time contending that their title extends to the low-tide mark. Whichever line is correct, low tide or high tide, as the dividing line between the property sought to be registered and the state's property the state is still an adjoining landowner and should have been so named in the petition and served other than by the advertisement "To Whom it May Concern." Under the decision in *Couey v. Talalah Estates,* supra, the land registration judgment, if granted, would not be binding upon an adjoining landowner who

was not named and served.

Generally, whether an intervention is timely is a matter within the sound discretion of the trial court and such discretion will not be controlled. Yet, where, as in the present case, intervention is sought prior to judgment by a necessary party who should have been named and served in the original complaint, such intervention should have been allowed and the failure to do so amounts to an abuse of discretion. Rather than prejudicing the rights of the petitioners the permitting of such intervention would result in a judgment (assuming that the petitioners are finally successful) binding against the intervenors whereas otherwise their title to the land sought to be registered would remain doubtful.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*