## 29371. FIRST NATIONAL BANK IN ELBERTON v. OSBORNE.

JORDAN, Justice.

First National Bank in Elberton appeals from an order granting the motion of Fletcher D. Osborne for judgment on the pleadings as to the first count of its complaint against Osborne. Certificate for immediate review was signed by the trial judge.

The complaint of the bank was in two counts. The first count, as amended, alleged that: On November 8, 1973, Osborne executed and delivered to it a promissory note for $400,000. On the same date Osborne executed and delivered to the bank three deeds to secure debt and assigned an option to real estate to secure this sum. "At

the time of the execution of the above described note, security deeds and assignment, the defendant promised to and agreed with the plaintiff that, when called upon by the plaintiff, he would execute additional security deeds on real estate that defendant then owned in Hart County, Georgia, to the extent that the plaintiff later determined the above described note was not sufficiently secured by the real estate described in the above described security deeds and assignment. The plaintiff would not have taken the above described note, security deeds and assignment except on the faith of the promise and agreement referred to above." Since November 8, 1973, the bank has determined that the real estate described in the deeds to secure debt and assignment has a value of $236,670. On March 8, 1974, the bank requested Osborne by letter to give additional security in the amount of $285,000 and he has failed to do so. Osborne's failure to abide by the terms of his promise and agreement constitutes a fraud on his part upon the bank in that his original design was fraudulent as he made the promise and agreement with intent to induce the bank to accept the note, security deeds, and assignment and with the intent of not living up to the promise and agreement, knowing that the bank would not have sufficient collateral to secure its note. Osborne being in default on the note, the bank has declared the entire indebtedness due and payable and is proceeding to foreclose under the power of sale provided in each of the three deeds to secure debt. The promise and agreement entered into between the parties on November 8, 1973, "expressing an intention" on Osborne's part to give additional real estate as security for his debt created an equitable lien on his described real estate in Hart County which was owned by him on that date.

Count 1 prayed that the court decree that the bank have an equitable lien on real estate of Osborne in Hart County, as described in the complaint, to the extent of $285,000; and that the court order the interest of Osborne in the described real estate sold and the proceeds applied on the demand of the bank.

The second count of the complaint sought reimbursement of attorney fees paid by the bank in connection with the note and security deeds referred to in

the first count.

Osborne filed an answer and a counterclaim, which were later amended. One defense was the Statute of Frauds. The bank filed responses to the answer and counterclaim, and the amendments thereof. Osborne filed a motion for judgment on the pleadings.

The amended order of the trial judge granted Osborne's motion for judgment on the pleadings as to Count 1 of the bank's complaint, and dismissed Count 1; it was further ordered that the lis pendens placed upon Osborne's property in Hart County be removed by the bank.

1. The bank asserts that the court erred in granting Osborne's motion for judgment on the pleadings as to Count 1 of the complaint, since the motion was addressed to the entire complaint.

Code Ann. § 81A-112 (c) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693) provides in part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in section 81A-156."

It is obvious from this section that a motion for judgment on the pleadings is closely related to a motion for summary judgment. In motions for summary judgment the trial judge is given statutory authority to enter judgment as to some issues and leave other issues pending. Code Ann. § 81A-156 (d) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

In the interest of saving time of litigation it is practical for a trial judge to enter judgment on the pleadings as to one count of a complaint, if such count is subject to the motion, even though the movant may not be entitled to a judgment as to both counts.

While the trial judge in the present case might properly have denied the general motion for judgment on the pleadings because one count of the complaint was good, we find no error in his considering the motion for judgment on the pleadings as it applied to each count. It is

beyond question that Count 1 was the "heart" of the complaint.

2. The trial judge in his order construed the complaint of the bank to allege an oral agreement to provide additional security in the form of security deeds to real property, and held that the alleged agreement violated the Statute of Frauds and was unenforceable. The bank asserts that the court erred in concluding that the promise was not in writing.

The bank's complaint had attached thereto copies of the note and security deeds evidencing the indebtedness of Osborne. No copy of a written agreement such as that alleged in the complaint is attached, and there is no allegation that the agreement was in writing. One of the verified defenses filed by the defendant was that the plaintiff was not entitled to any relief by reason of the Statute of Frauds. The plaintiff's responses did not treat this defense of the Statute of Frauds. Thus, the only reasonable construction of the pleadings concerning the agreement is that it was oral.

The bank placed this same construction on certain allegations of Osborne in his defense. In paragraphs of his fourth defense, which are incorporated in his sixth defense, Osborne alleged that the bank "agreed" to certain consideration to Osborne for the note to the bank in addition to the sum stated in the note. The bank moved to strike the sixth defense on the ground that Osborne thereby "attempts to engraft additional consideration upon plaintiff's note and security deeds which are otherwise complete on their face as to consideration and make no reference to any *oral* agreement as being giving a partial consideration therefor." (Emphasis supplied.)

The trial judge did not err in construing the pleadings to show only an oral agreement between the parties.

3. The alleged oral agreement of Osborne is unenforceable because it is an oral contract to make deeds to land, and because it attempts to engraft an additional obligation on the maker of written instruments which are complete and unambiguous. See: *Stonecypher v. Georgia Power Co.,* 183 Ga. 498 (189 SE 13); *Jones v. Central Builders Supply Co.,* 217 Ga. 190 (3) (121 SE2d 633);

*Awtrey v. Awtrey,* 225 Ga. 666 (171 SE2d 126); *Stone Mountain Scenic R. v. Stone Mountain Mem. Assn.,* 230 Ga. 800, 809 (199 SE2d 216).

Since the alleged promise of Osborne to give additional security deeds to property owned by him in Hart County was unenforceable, the bank had no right to a lien on this property, and no proper basis for entering a lis pendens on property on which the lien was claimed.

The trial judge did not err in dismissing Count 1 of the complaint and ordering removal of lis pendens.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1974 — DECIDED FEBRUARY 4, 1975.

*Grant, Smith & Shiver, Truitt Smith,* for appellant.

*Arnall, Golden & Gregory, William R. Harp,* for appellee.