### 33549. SOUTHWEST GEORGIA PRODUCTION CREDIT ASSOCIATION v. WAINWRIGHT et al.

HALL, Justice.

Land owned by appellee, Olief Wainwright, was sold at a tax sale to Curtis Wainwright, his brother. Appellant held a deed to secure debt to the land, and sought to redeem the property from Curtis Wainwright by tender of the proper redemption price. The tender was refused, and appellant filed suit in equity against Curtis Wainwright to compel redemption. Curtis Wainwright counterclaimed for the value of improvements made to the property.

On the day set for trial, Olief Wainwright filed an application for intervention of right under Code § 81A-124 (a). The trial court postponed the trial to give the

parties an opportunity to respond to the application. After considering briefs, the trial court allowed intervention. As a party to the suit, appellee Olief Wainwright counterclaimed against appellant, claiming that the debt secured by the deed to secure debt had been satisfied. A directed verdict on Curtis Wainwright's counterclaim for improvements was entered against him, and he is no longer involved in this case. Appellee won a jury verdict against appellant, and the trial court entered judgment ordering the deed to secure debt canceled of record. This is the judgment under appeal.

1. Appellant argues that appellee (the intervenor) failed to comply with the notice requirements of Code § 81A-106 (d) & (e), and that this required that the application be denied. Under *Bulloch County Bank v. Dodd,* 226 Ga. 773 (177 SE2d 673) (1970), the trial court could have denied the application as untimely. However, the trial court also had the discretion to consider this application for intervention, even though it was untimely filed. Code § 81A-106 (b). There was no abuse of that discretion in this case, especially since the trial court gave counsel for the parties ample opportunity to respond to the application. The purpose of Code § 81A-106 (d) & (e) is to provide the parties with sufficient notice for them to prepare a response to the motion, and the postponement granted by the trial court served that purpose. *Bulloch County Bank v. Dodd,* supra, does not require a different result.

2. Appellant also complains that appellee did not meet the requirements for intervention of right, Code § 81A-124(a), since appellee's interest was adequately represented by appellant. The issue of adequacy of representation is a question of fact which must be ruled on by the trial court in considering the application for intervention, assuming the other requirements are met. This issue may be raised before any substantial proceedings have been had in the case. The trial court may conclude that the representation of the intervenor is likely to be inadequate based solely on the status and claims of the parties as revealed by the pleadings and representations of counsel. In this case the application for intervention revealed a claim of the applicant (appellee)

adverse to appellant involving the subject matter of the pending suit, and we hold that the existence of this adverse claim by itself was sufficient to authorize the trial court to conclude that appellant did not adequately represent appellee's interest. The trial court did not err in allowing intervention in this case.

3. Appellant complains of the admission into evidence of Exhibits D-2 and D-3, consisting of two letters. The argument on appeal as to Exhibit D-2 raises only an objection which was not made to the trial court. The objection to Exhibit D-3 is that "it could serve no probative value [sic]," and this amounts to nothing more than an objection to the relevance of the evidence. The admission of irrelevant evidence is not a ground for reversal unless the appellant can show the evidence was prejudicial to him. Code § 81A-161; *Hunter v. State,* 148 Ga. 566 (2) (97 SE 523) (1918). Appellant has not shown any prejudice.

4. The third and fourth enumerations of error are deemed abandoned. Rule 18 (c) (2). The two sentences of argument which were intended to support those enumerations of error deal with issues which were not raised in those enumerations. Therefore, the enumerations have not been supported by citation of authority or argument.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1978 — DECIDED MAY 23, 1978.

*Smith & Jones, Henry O. Jones, III,* for appellant.
*Garland T. Byrd, Lovick P. Anthony, Jr.,* for appellees.

