## 56882. BRADDY v. DESSAU REALTY & INSURANCE COMPANY.

BELL, Chief Judge.

Plaintiff-landlord filed a dispossessory proceeding seeking a judgment for unpaid rent and a writ of possession for property leased to the defendant, William Lee Braddy. The defendant failed to make either an oral or written answer, but appellant, Ernestine Braddy, filed a motion to intervene, as well as a motion to dismiss and an answer. Appellant contended that she had a right to intervene based on the facts that the named defendant is her husband; that she and her husband separated prior to

the commencement of this action; and that appellant has continued to reside in the property in question. After argument, the court denied both the motion for intervention and the motion to dismiss. Thereafter, the court entered judgment against the defendant for rent due and issued a writ of possession. *Held:*

The written rental agreement named the defendant William Lee Braddy as the "Tenant" and stated that the premises were to be used as a private dwelling solely for the tenant and his family consisting of self, wife, and son. The lease contract was signed by defendant as tenant. The contract also provides that the tenant shall not assign or sublet the premises without the written consent of the landlord. It is clear from the written rental agreement that the sole tenant contemplated by the parties was defendant William Lee Braddy. Under CPA § 24 (a) (Code Ann. § 81A-124 (a)), a person shall be permitted to intervene "when the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." To establish the first requirement of this statute in order to intervene, namely an interest relating to the property, appellant contends that she has acquired the status of a tenant and has derived therefrom a property right which must be protected by intervention; that appellant is the intended beneficiary of the lease contract entered into between plaintiff and the named defendant and therefore she may enforce the rental agreement; and that appellant is in possession of the property in question and that she is now entitled to due process before she can be deprived of her possession. However, all of these arguments fail in the face of the explicit rental agreement which named William Lee Braddy as the sole tenant. Appellant never acquired the status of "tenant" in the premises under these facts even though she may have continued in possession after her husband departed. This factor standing alone will not grant to her the status of tenant under the lease or any other tenancy recognized by the law. There is a complete absence of a showing of consent

either actual or implied whereby plaintiff agreed to appellant becoming a tenant of the premises in question. Thus, since appellant did not establish an interest in the property, as required by CPA § 24 (a) (Code Ann. § 81A-124 (a)), the trial judge did not err in denying appellant's motion for intervention. See *Brown v. Truluck*, 239 Ga. 105 (236 SE2d 60).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 20, 1978 — 

*Alfred O. Bragg, III, Phillip A. Bradley, Robert Connelly,* for appellant.

*Westmoreland, Patterson & Moseley, Bruce M. Hofstadter,* for appellee.