### 34431, 34432. BRUCE et al. v. ROWLAND HILLS CORPORATION et al.; and vice versa.
### 34433. STATE OF GEORGIA et al. v. BRUCE et al.

JORDAN, Justice.

This case represents the third appeal from this land registration proceeding to reach this court. See *State v. Bruce,* 231 Ga. 783 (204 SE2d 106) (1974), and for a complete history of the substantive issues involved, *Smith v. Bruce,* 241 Ga. 133 (244 SE2d 559) (1978).

In *Smith v. Bruce,* supra, we reversed the summary judgment granted by the trial court and remanded the case for a jury trial. On remand the numerous parties to this case disagreed as to the procedure to be followed for the jury trial. After hearing arguments on this issue, the trial court held (1) that the case should not be remanded to any examiner, but submitted directly to the jury, and (2) that the jury trial should be de novo. This court granted applications for interlocutory appeal on the narrow issue of the correct procedure to be followed by the trial court on remand.

1. The State of Georgia and Glynn County contend that the trial court erred when it failed to remand the case back to the examiner as provided by the Land

Registration Act. Code § 60-301 et seq. This argument is without merit.

It is clear from Code § 60-304 that remand to the examiner lies within the discretion of the trial judge. The applicable portion of this Code section provides: "[W]here the Supreme Court shall reverse the judgment of the trial court, it shall not be necessary for the trial court to rerefer the case to an examiner . . . [p]rovided, nevertheless, that if the judge *in his discretion* is of the opinion that it is to the interests of truth and justice that a rereference to the examiner should be made, he may . . .order a rereference of the whole case or any part thereof. . ." (Emphasis supplied.) Appellees fail to show that the trial court has abused this discretion. As this court stated in *Smith v. Bruce,* "a jury trial has been requested by the parties on exceptions to the findings of fact, and any errors in the factual area can be resolved in this manner." Id., at 146.

2. The second division of the trial court's order that the required jury trial should be conducted de novo is appealed by appellants Bruce et al. and cross appellants Rowland Hills Corporation et al., and we reverse.

Code § 60-304 provides in pertinent part: "(t)he issue or issues of fact shall be tried before the jury. . . upon the evidence reported by the examiner; except in cases where, under the provisions of law, evidence other than that reported by the auditor may be submitted to the jury on exceptions to an auditor's report. . ." Code §§ 10-404 and 10-405 define what evidence "other than that reported by the auditor may be submitted to the jury on exceptions to an auditor's report." Code § 10-404 allows the introduction of admissible material evidence introduced and not reported and evidence improperly excluded. Code § 10-405 provides that no new testimony shall be considered except in those cases where a new trial would be granted for newly discovered evidence. Accordingly, the evidence to be submitted should include only the evidence reported by the examiner; evidence, if any, which was improperly excluded by the examiner or not reported; and any newly discovered evidence that meets the exception of Code § 10-405. The trial court erred in ruling that the jury trial be conducted de novo.

*Judgment affirmed in part; reversed in part. All the*

*Justices concur.*

ARGUED JANUARY 15, 1979 — DECIDED FEBRUARY 27, 1979 —
REHEARING DENIED MARCH 15, 1979.

*B. N. Nightingale, Jack J. Lissner, Jr.,* for appellants (Case No. 34431).

*Arthur K. Bolton, Attorney General, Patricia T. Barmeyer, Assistant Attorney General, Reid W. Harris, Moreton Rolleston, Jr., Dickey, Whelchel, Miles & Brown, Terry L. Readdick, Jack J. Lissner, Jr., Lucian J. Endicott,* for appellees (Case No. 34431).

*Reid W. Harris,* for appellants (Case No. 34432).

*Arthur K. Bolton, Attorney General, Patricia T. Barmeyer, Assistant Attorney General, B. N. Nightingale, Moreton Rolleston, Jr., Terry L. Readdick, Jack J. Lissner, Jr., Lucian J. Endicott,* for appellees (Case No. 34432).

*Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General, Patricia T. Barmeyer, Assistant Attorney General, Terry L. Readdick,* for appellants (Case No. 34433).

*B. N. Nightingale, Moreton Rolleston, Jr., Reid W. Harris, Jack J. Lissner, Jr., Lucian J. Endicott,* for appellees (Case No. 34433).