59478. DREW et al. v. COLLINS et al.

BANKE, Judge.

The appellants filed a wrongful death action against the appellees for their alleged negligence in providing health care to the decedent. The jury found for the appellees. The sole enumeration of error on appeal concerns the admission of the following testimony by a witness who was employed as the office manager for one of the appellees, a physician: "[The decedent] called me by telephone on the morning of the day when she was to check into the hospital for her surgery, and related to me that she was afraid to have this operation, but she could not stand to live as she was because she was no good to herself nor to her family and that she had rather be dead than to live like that." The appellants contend that this

testimony was inadmissible under the former "Dead Man's Statute," Code Ann. § 38-1603 (5) (as amended through Ga. L. 1953, Nov. Sess., pp. 319, 320), which was in effect at the time. Code Ann. § 38-1603 has recently been amended to do away with that evidentiary rule. Ga. L. 1979, p. 1261.

The appellees contend that the objection at trial was impermissibly vague, that the witness was not shown to have been acting as the physician's agent at the time the conversation took place, and that the testimony was harmless even if it were inadmissible. The appellants admit that the testimony had nothing to do with the issues of negligence or causation but contend that it is this very irrelevancy which made it harmful. *Held:*

"The admission of irrelevant evidence is not a ground for reversal unless the appellant can show the evidence was prejudicial to him. Code § 81A-161; *Hunter v. State,* 148 Ga. 566 (2) (97 SE 523) (1918)." *Southwest &c. Assn. v. Wainwright,* 241 Ga. 355, 357 (3) (245 SE2d 306) (1978). We find nothing in the witness' testimony which would be prejudicial to the appellants' case. While there might conceivably be something about the context of the testimony which rendered it prejudicial, none of the other evidence in the case has been included in the record on appeal, making it impossible for us to evaluate the testimony in its context. Consequently, we hold that the appellants have not carried their burden of showing prejudice. In deciding the appeal on this ground, we do not imply that the admission of the testimony constituted error. We merely hold that it was harmless.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Argued February 5, 1980 — Decided March 10, 1980.

*Stephen G. Gunby, Charles A. Gower,* for appellants.
*S. E. Kelly, W. G. Scranton, Ronald W. Self,* for appellees.