### 36842. MOORE v. MOORE et al.

JORDAN, Chief Justice.

We granted leave to appeal in this divorce case in order to review the trial court's grant of a motion to intervene by defendant-husband's mother and the jury's verdict awarding the intervenor substantial relief.

Appellant-wife sued appellee-husband for divorce in July 1978. She sought custody of their one minor child, child support, title to their marital home and its furnishings in Hall County, title to an automobile, alimony and attorney fees. Additionally, she alleged that she and her husband owned a house and lot jointly in White County. She did not seek sole ownership of the White County property.

The husband answered and counterclaimed alleging that he and his wife did not own all the interest in the house, lot and furnishings in Hall County though the deed was recorded in their names, and asked that since his wife did not seek total ownership of the White County house and lot, that complete title be decreed in him.

Appellant moved for a judgment on the pleadings as to the divorce. The day before the hearing on her motion, the husband's mother filed a motion to intervene. A divorce and temporary relief to appellant were granted. Appellant filed a motion to dismiss the motion to intervene on the basis that the motion to intervene was not

timely filed and would delay and prejudice her action. Following a subsequent hearing, the trial court granted the mother's motion, and she filed a three-count complaint.

The mother alleged that she was a resident of Arkansas, a widow, and in poor health; that she had advanced her son some $67,000, to purchase a home in Hall County for the three of them to live in; that she was unaware until recently that the deed to the property was put only in appellant and her son's names. She asked that legal title to the property be placed in her name as a result of an implied trust on the property in her favor and that possession of specific items of personalty which she owned but left in the Hall County home, be returned to her.

Both appellant and husband answered the mother's complaint. The husband admitted that the money used to purchase the Hall County house had come from his mother and admitted that the money was not intended to be a gift, but he denied that he was supposed to have the deed put in his mother's name.

Following a trial, the jury awarded the mother a two-thirds interest in the Hall County house and lot and possession of the items of personalty which she sought. The husband was awarded a one-sixth interest in the Hall County house and lot, and one-half the proceeds of the sale of the White County house and lot. The jury awarded appellant custody of the child, child support, a one-sixth interest in the Hall County property, and one-half of the proceeds of the sale of the White County property. Appellant was denied alimony and attorney fees, and costs were assessed against her by the trial court.

Appellant appeals enumerating as error the trial court's allowing the mother to intervene and likewise awarding her an interest in the Hall County property, and the assessment of costs against her.

1. We agree that the mother should have been allowed to intervene. Code Ann. § 81A-124 allows intervention (a) of right or (b) by permission. The mother alleged in her motion to intervene that she had an interest in the subject property of the action and that her ability to assert that interest would be impaired by a disposition of the property between the existing parties. Additionally, she claimed that this interest could not be adequately protected by any existing party. Alternatively, she asked that she be permitted to intervene as her intervention would not unduly delay or prejudice the adjudication of the rights of the original parties as a jury trial had already been demanded to resolve the remaining questions (other than the issue of divorce) in the case.

The mother's motion was timely, coming as it did "before any

substantial proceedings [had] been had in the case." *Southwest &c. Assn. v. Wainwright,* 241 Ga. 355, 356 (245 SE2d 306) (1978). The pleadings established that the husband admitted his mother had given him the money to buy the house and had not intended it as a gift. Furthermore, the mother asserted her ownership interest in personalty left in the house that appellant was claiming for herself. The husband denied that he was obliged to put the deed in his mother's name as she had claimed thus eliminating him as an adequate representative of his mother's interest. The mother was not trying to intervene in the issue of a divorce per se, as appellant contends; rather, she was attempting to protect her interest in the property dispute following the divorce. Appellant's reliance on *Girtman v. Girtman,* 191 Ga. 173 (11 SE2d 782) (1940), is misplaced. Under these circumstances, intervention of right was warranted, and the trial court did not err in granting the motion to intervene.

Deciding whether or not the mother was entitled to the relief awarded her by the jury would necessarily entail a review of the evidence presented at trial. Appellant states in her Notice of Appeal that a "transcript of the trial is not necessary for a determination of this appeal, and will not be filed for inclusion in the record." Appellant's characterization of the evidence in her brief to this court is not sufficient.

"We must presume the trial court correctly ruled on the issues before it under the evidence it considered since appellant expressly chose not to include a transcript of the evidence in this appeal. Appellant has the burden of demonstrating reversible error committed in the trial court but has failed to do so in this appeal." *Buford v. Buford,* 234 Ga. 700, 703 (217 SE2d 160) (1975).

2. Appellant insists that she was not the "losing" party below and so costs should not have been assessed against her. See Code Ann. § 24-3401.

Appellant was awarded a divorce, child custody and child support payments, all of which were uncontested by the husband. She sought sole ownership of one piece of property and was awarded a one-sixth interest in that property together with one-half of the proceeds of the sale of another piece of property. She was denied alimony, attorney fees, and the personalty she sought which was awarded to her former mother-in-law.

Under these circumstances, the trial court, where authority for assessing costs lies, could have found her liable for costs. See *Walden v. Whitney Co.,* 200 Ga. 6 (36 SE2d 157) (1945).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1981.

*Sartain & Carey, Jack M. Carey*, for appellant.
*Troy R. Millikan, Robert B. Thompson*, for appellees.