## 62693. JOHNSON v. REX EVANS RV CENTER.

BIRDSONG, Judge.

We are confronted in this case with the well intentioned but ill pursued action of a pro se plaintiff. Though the facts are difficult to unravel, a close perusal of the record shows the following developments. Appellant A. B. Johnson apparently purchased a mini-mobile home in Detroit, Michigan from one Dawkins for $8,100. Johnson assigned a worker's compensation claim to Dawkins as consideration, a copy of which assignment appears in the record.

Johnson then brought the mini-camper to Georgia where he sold it to Rex Evans Recreational Vehicle Center in exchange for $1,150 in cash and a 1974 Cadillac. Johnson appears to have invested approximately $1,115 in the repairs to the Cadillac.

Subsequent to the sale (or exchange) of the mini-mobile home and the Cadillac, Dawkins appeared in Georgia with some proof of ownership to the mini-mobile home, claiming that Johnson had stolen the mini-mobile home from a lot in Detroit. Dawkins laid claim to the mini-mobile home. Evans then sought a writ of possession of the mini-mobile home claiming that Dawkins and Johnson had entered into a conspiracy that Dawkins would sell the home to Johnson for a cash consideration; Johnson would then sell the home for a valuable consideration and disappear whereupon Dawkins would appear and reclaim the mobile home as stolen property. The trial court in Case No. 1292 of Colquitt Superior Court (the writ of possession sought by Evans naming Dawkins as defendant), granted the writ of possession giving possession of the mini-mobile home to Evans. Evans also obtained possession of the Cadillac.

Johnson, after the sale of the mini-mobile home to Evans was arrested ostensibly for charges of forgery though it appears that those charges ultimately may have been dismissed. Nevertheless, Johnson apparently still is in custody on some charges. He was called as a witness in the suit (Case No. 1292) involving the writ of possession. After possession was awarded to Evans, it appears that Evans left the state of Georgia, leaving the mobile home with the Sheriff of Colquitt County though the record is not totally clear as to the present location of the mini-mobile home. There is some indication that Evans has sold or removed the Cadillac from the state.

Commencing in July, 1980 (about a month after the filing of the writ of possession by Evans in June, 1980), Johnson filed the first of a series of forms contesting the grant of the writ of possession. The first of these forms referred to Action No. 1292 and showed Johnson as a petitioner. It was filed on a form intended to be used as an affidavit in support of request to proceed in forma pauperis before the United States District Court, Northern District of Georgia. However, the form was modified to show Johnson's grievance against Evans and Dawkins. From the face of the form, it appears to have been filed in the Superior Court of Houston County. In November, 1980, Johnson filed a resume of his complaint with the Clerk of the Superior Court of Colquitt County.

Also in November, 1980, Johnson modified a form for use in applications for habeas corpus under 28 USC § 2255 and apparently filed it with the clerk of the Superior Court of Houston County. He once again enunciated his complaint against Evans and requested the

court to "act on this writ within 10 days or as soon as feasible."

Ultimately in April, 1981, Johnson filed an action styled A. B. Johnson v. Rex Evans RV Center (Civil Action No. 2865 and Habeas Corpus) with the Superior Court of Moultrie, Georgia (apparently filed in the Superior Court of Colquitt County). The complaint alleged basically the foregoing alleged fraud by Evans, his attorney and the trial court in granting writ of possession. The certificate of service shows service upon the attorney general. A return of service by a deputy sheriff of Colquitt County notates that service could not be accomplished because no party could be found within the county. Lastly, Johnson filed "Civil Action No. 2865—Habeas Corpus" in May, 1981 with the "Superior Court of Moultrie, Georgia" (Colquitt County). On May 6, 1981, the Superior Court of Colquitt County dismissed the petitions of April and May, 1981 on the grounds that jurisdiction and venue is in Bibb County (the county where Johnson resided at time of filing of the habeas corpus actions) and that the petitions failed to set forth a claim upon which relief can be granted.

In his enumeration of errors and brief, Johnson in effect makes no complaint of the ruling of the trial court nor does he show in any manner any error in the ruling. The document denominated as an enumeration of error and brief is in reality a restatement of the complaint and seeks a return of the Cadillac or money and a writ of possession together with $50,000 punitive damages.

Thus, this court is faced with a series of documents which claims to be an appeal to a case (Case No. 1292 of Colquitt County) involving Evans and Dawkins but in which Johnson appeared as a witness but was not a party. Only a party to the case can appeal from a judgment or one who has sought to become a party by way of intervention, and has been denied that right. *U. S. Fire Ins. Co. v. Farris,* 146 Ga. App. 177 (245 SE2d 868); *Whitby v. Maloy,* 145 Ga. App. 785, 788 (245 SE2d 5). As to Case No. 2865, also of Colquitt County, in light of the enlightened interpretation of pleadings, we conclude that it is sufficient to state a cause of action though it certainly was filed with the court ostensibly as a habeas corpus. However, there is no showing that service of any type was prefected upon Evans, apparently now a non-resident. No service was attempted at Evans' last known address, by publication or any other recognized personal service. Service upon the Secretary of State was not adequately or appropriately completed so as to reach Evans. In the absence of any showing of service, we cannot consider that Evans is in default, nor was a default judgment entered. In short, there has been no adjudication in this case between two contesting litigants. The ruling of the superior court in dismissing the petitions for lack of

jurisdiction and venue and because the documents do not state a cognizable cause of action is not the subject of the attempted appeal. In view of all these circumstances, we conclude there is no cognizable appeal before us of a disputed issue. This is a matter for determination by a trial forum. Accordingly, the appeal is dismissed.

*Appeal dismissed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 27, 1981.

A. B. Johnson, *pro se.*
*Thomas L. Kirbo III,* for appellee.