41986. FIRST NATIONAL BANK IN NEWNAN
v. BLACKBURN et al.
42179. FIRST NATIONAL BANK IN NEWNAN
v. BLACKBURN BROTHERS, INC. et al.
(329 SE2d 897)

WELTNER, Justice.

These consolidated cases involve divorce, alimony, and equitable division of property.

Mrs. Blackburn filed for divorce against her husband, seeking alimony and equitable division of property, and sought an order restraining him from transferring or encumbering property. The bank intervened, claiming an equitable interest in property titled in the husband based upon his oral promise to pay his indebtedness to the bank from proceeds of a sale of the property. The bank also filed an action against the husband which sought a special lien on the real property.

On August 30, 1984, a judge of the Superior Court of Coweta County held conferences with the attorneys for all parties. The court ordered the divorce action continued for one week, stating that all issues would be heard on September 6, 1984. Discussion was held concerning a potential default judgment for the bank against the husband, as no answer had yet been filed. The bank refused to grant an extension for filing answer, and the husband filed none. The wife, aware of the possibility of a default judgment, filed a motion to intervene in the bank's suit and a motion to consolidate the two cases. These motions were also set for hearing on September 6.

On September 4, the bank appeared before another judge of the Superior Court of Coweta County (who had disqualified himself in the divorce action because of his personal relationship with the husband) and requested a default judgment. The second judge denied the wife's motion to intervene, granted a default judgment to the bank,

and imposed a lien, purportedly effective eleven months prior to the default judgment.

Two days later, on September 6, the first judge called for trial the divorce action and the pending motions relative to the bank's suit. It was then that he first learned of the default judgment. He subsequently consolidated the two cases, allowed the wife's intervention in the bank's suit, and heard testimony on all matters.

On October 12, the first judge issued an order setting aside the default judgment, holding that the bank was not entitled to an equitable lien because the husband's oral promise to pay could not form the basis of a lien, and because the bank was guilty of laches in seeking regular security from the husband. The court then granted a new judgment for the bank against the husband in the amount of $125,000 plus interest. The court also granted the wife (in her divorce action) a special lien of $15,000 on the marital real property.

We granted the bank's application to appeal and now affirm the judgment of the trial court.

1. We hold that the trial court acted within the scope of its powers in allowing the wife's intervention and consolidating the two cases.

OCGA § 9-11-24 (a) (2) requires intervention "[w]hen the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

"The decision whether application for intervention is timely and the showing sufficient are matters within the sound discretion of the trial court." *Sta-Powers Indus. v. Avant*, 134 Ga. App. 952, 958 (216 SE2d 897) (1975). Plainly, the equitable lien claimed by the bank prejudiced the wife's potential interest in the marital estate. The trial court did not abuse its discretion.

OCGA § 9-11-42 provides for consolidation when "actions involving a common question of law or fact are pending before the court." Both cases involved competing claims relative to the husband's property, and the trial court was correct to consolidate the two.

2. We affirm the trial court in setting aside the equitable lien granted to the bank in the first default judgment.

OCGA § 9-11-54 (c) (1) provides: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Here, the bank's complaint contained no prayer for the extraordinary relief of a lien which would antedate the final judgment. Thus, the trial court was without authority to order it. *Hall County Bd. of Tax Assessors v. Reed*, 142 Ga. App. 556 (236 SE2d 532) (1977).

3. It is true that "a *bona fide* creditor may also sue his debt to

judgment, and if he gets a lien before the property is set apart to the wife by the final judgment, the lien is good — she takes subject to it . . . . Debts existing at the time of the separation have a high equity, and if they be reduced to judgment before the rights of the wife are fixed by a judgment, they ought, we think, under the general rules of our law, giving preference to the oldest judgment, to be first paid . . . . We are, therefore, of opinion that *were this a good judgment* its superior date would give it preference to the judgment in favor of the wife." (Emphasis supplied.) *Carithers v. Venable*, 52 Ga. 389, 394 (1874).

Because the first default judgment was set aside, this principle is inapplicable.

4. We agree with the trial court that the bank was not entitled to an equitable lien based upon an oral promise to pay. An oral agreement to grant a lien is unenforceable under the Statute of Frauds. *First Nat. Bank in Elberton v. Osborne*, 233 Ga. 602 (212 SE2d 785) (1975). "Since the alleged promise . . . to give additional security deeds to property owned by him . . . was unenforceable, the bank had no right to a lien on this property." 233 Ga. at 606.

5. Nor, as the trial court found, is the bank entitled to an equitable lien based upon the husband's handwritten note which stated: "I plan to repay my note in full after the sale of my house or in part as I sell lots in my new development."

OCGA § 44-14-31 provides that "a mortgage must clearly indicate the creation of a lien and must specify the debt for which it is given and the property upon which it is to take effect." This writing clearly fails to meet these requirements.

6. After the filing of the divorce action, the bank requested a deed to secure debt on the marital real property. Because of a restraining order, this was impossible. Prior to this time, during the course of their long relationship, the bank had never asked for a security deed of the husband, although its usual practice was to obtain security deeds for loans given.

The trial court found that the bank was guilty of laches in protecting its rights. The court found further that the bank was aware of the restraining order in the divorce action, but nevertheless sought a security deed.

Hence, the bank, without benefit of an equitable lien or security deed, is an unsecured creditor of the husband.

7. The evidence supports the trial court's holding that the wife is entitled to a special lien in the amount of $15,000, by way of equitable division of marital property. See *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980). Thus, the wife's special lien is superior to any interest of the bank in the marital property. OCGA § 11-9-301.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 10, 1985 —
REHEARING DENIED MAY 28, 1985.

*Glover & Davis, J. Littleton Glover, Jr., Jack T. Camp, Jr., Michael E. Sumner,* for appellant.

*Farmer, Rosenzweig, Kam & Jones, George C. Rosenzweig, Wood, Odom & Edge, Gus L. Wood III,* for appellees.