70963. DOE v. GARCIA et al.
(338 SE2d 710)

BENHAM, Judge.

Appellant, having obtained a $75,000 judgment against appellee Leonardo Garcia, sought to intervene and set aside the judgment rendered in Garcia's divorce action. The divorce judgment awarded Garcia's real and personal property to his wife, appellee Ann Garcia; appellant claimed that the divorce judgment improperly attempted to create a lien superior to her own. After a hearing, the trial court denied appellant's motion to intervene and set aside the divorce judg-

ment as being untimely brought; that denial is the basis for this appeal.

Appellant contends that the denial of her motion to intervene was due to the trial court's failure to consider all of the factors relevant to the decision and failure to exercise sound discretion. We disagree and affirm.

Intervention as of right or as a matter of discretion must be timely. OCGA § 9-11-24 (a); *Sta-Power Indus. v. Avant*, 134 Ga. App. 952 (3) (216 SE2d 897) (1975). Intervention after judgment is not usually permitted, and to justify it requires a strong showing. Id. The decisions whether intervention is timely and the showing sufficient are matters within the sound discretion of the trial court and will not be controlled absent an abuse of discretion. *Cipolla v. Fed. Deposit Ins. Co.*, 244 Ga. 444 (260 SE2d 482) (1979); *Sta-Power Indus.*, supra.

Our review of the record reveals that temporary orders distributing the property in question were entered on December 21, 1983, and May 9, 1984; the final judgment and decree of divorce was entered on October 9, 1984, and appellant's motion to intervene was filed on November 8, 1984. The record, lacking a transcript, does not support appellant's assertion that the trial court failed to consider all of the relevant factors in making its decision. Under these circumstances we find no abuse of discretion by the trial court. *Cipolla*, supra.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 25, 1985.

*Edea M. Caldwell*, for appellant.
*Cary W. Bross*, for appellees.