### 75331. HARKNESS v. STATE OF GEORGIA.
(365 SE2d 552)

BENHAM, Judge.

In March 1985, appellant was employed as a salesman for a cemetery for which a receiver was appointed. Appellant continued in that capacity until August of that year. The receiver sold the cemetery in September 1985 and received a discharge from the court in April 1986. Four months later, in August 1986, a year after his employment had ended, appellant filed a petition for payment of sums he contends are due him as commissions. The trial court denied the petition on the basis of untimeliness. We affirm.

What appellant has attempted to do, in essence, is intervene in a receivership which has already been concluded. "Intervention as of right or as a matter of discretion must be timely. [Cits] Intervention after judgment is not usually permitted, and to justify it requires a strong showing. [Cit.] The decisions whether intervention is timely and the showing sufficient are matters within the sound discretion of the trial court and will not be controlled absent an abuse of discretion. [Cits.]" *Doe v. Garcia*, 177 Ga. App. 61, 62 (338 SE2d 710) (1985).

The major part of appellant's argument is that he relied on the receiver to pay him for commissions owing after his departure, and that he never received any notice that the receiver was to be discharged without paying those commissions. However, it is undisputed that appellant was aware that his former employer was in receivership, and that he waited a full year after termination of his employment before seeking the compensation he claims is due him. Under those circumstances, we find no abuse of discretion in the trial court's conclusion that appellant's attempt to intervene was untimely.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 9, 1988.

*James W. Bradley*, for appellant.

*Andrew J. Ekonomou, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, J. Robert Coleman, John B. Ballard, Jr., Senior Assistant Attorneys General*, for appellee.