A90A0897, A90A0898, A90A0899. KUBLER v. GOERG.
(339 SE2d 229)

CARLEY, Chief Judge.

A simplified statement of the facts relevant to these appeals is as follows: Dr. Bruno Kubler is the trustee in bankruptcy for a German corporation that had secured a personal judgment in Germany against Ms. Ingeborg Skowronek. Since Ms. Skowronek had accounts at C & S National Bank (Bank), Dr. Kubler domesticated the German judgment in Georgia and then initiated garnishment proceedings against the Bank in the State Court of Fulton County. Thereafter, Dr. Klaus Goerg, in his capacity as the German-appointed trustee in bankruptcy of the estate of Heinz Kaussen, filed a claim in Dr. Kubler's garnishment proceeding, and he also filed a complaint against Ms. Skowronek and the Bank in the Superior Court of Fulton County. In both his garnishment claim and his superior court complaint, Dr. Goerg alleged that Ms. Skowronek's accounts at the Bank consisted of the proceeds of a fraudulent transfer to her from Kaussen and that, as to the creditors of the estate, those proceeds remained the property of Kaussen. The Bank was subsequently dismissed from Dr. Goerg's fraudulent conveyances action and Ms. Skowronek failed to file a timely answer to his complaint. However, before a default judgment was entered against Ms. Skowronek, Dr. Kubler moved to intervene in Dr. Goerg's fraudulent conveyances action but, because of a stay mandated by the pendency of a related bankruptcy proceeding, no ruling was made in either the garnishment proceeding or the fraudulent conveyances action for a ten-month period. At the end of that period, Dr. Kubler's motion to intervene was denied and Dr. Goerg was granted a default judgment against Ms. Skowronek. In Case No. A90A0897, Dr. Kubler appeals from the denial of his motion to intervene and, in Case No. A90A0898, he appeals from the grant of default judgment in favor of Dr. Goerg. In Case No. A90A0899, Dr. Goerg cross-appeals from the grant of the default judgment, contending that the same did not provide the full relief to which he was entitled.

### Case No. A90A0897

1. OCGA § 9-11-24 (a) (2) provides, in relevant part, that "[u]pon timely application anyone shall be permitted to intervene in an action . . . [w]hen [he] claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless [his] interest is adequately represented by existing parties." Thus, "the requirements for intervention under the rule are three-fold: interest, impairment resulting from an unfavorable disposition, and inadequate representation. [Cit.]" *Lynn v. Wagstaff Motor Co.,* 126 Ga. App. 516, 517 (191 SE2d 324) (1972).

With regard to the first requirement of OCGA § 9-11-24 (a) (2), Dr. Kubler, as Ms. Skowronek's judgment creditor, clearly had an interest in the *outcome* of Dr. Goerg's fraudulent conveyances action. However, merely having an interest in the outcome of that litigation would not be sufficient to authorize Dr. Kubler to intervene therein. OCGA § 9-11-24 (a) (2) requires that an applicant for intervention claim "an interest relating to *the property or transaction* which is the subject matter of the action. . . ." (Emphasis supplied.) The "property" which is the subject matter of Dr. Goerg's action is Ms. Skowronek's accounts at the Bank and the "transaction" which is the subject matter of that action is the alleged fraudulent conveyance of that property to Ms. Skowronek. Accordingly, in the absence of Dr. Kubler's claim of an interest relating to *that* specific property or to *that* specific transaction, he had no right to intervene pursuant to OCGA § 9-11-24 (a) (2).

The record shows, however, that Dr. Kubler was not only Ms. Skowronek's judgment creditor, but that he had also secured the domestication of the German judgment in Georgia *and* had filed a garnishment proceeding against the Bank. "Courts and text-writers have in different ways undertaken to describe the effect created by serving a process of garnishment. It is at least an inchoate or an incomplete lien." *Anderson v. Ashford & Co.,* 174 Ga. 660, 662 (1) (163 SE 741) (1932). Thus, by the time Dr. Goerg filed his fraudulent conveyances action, Dr. Kubler already had "at least an inchoate or an incomplete lien" on Ms. Skowronek's accounts at the Bank and he had, therefore, an "interest" relating to the specific property which was the subject matter of Dr. Goerg's action. See *First Nat. Bank in Newnan v. Blackburn,* 254 Ga. 379 (1) (329 SE2d 897) (1985); *Moore v. Moore,* 247 Ga. 243, 244 (1) (275 SE2d 334) (1981). Compare *Brown v. Truluck,* 239 Ga. 105 (236 SE2d 60) (1977); *Braddy v. Dessau Realty & Ins. Co.,* 148 Ga. App. 589 (252 SE2d 10) (1978). Dr. Goerg had an interest in the accounts sufficient to authorize him to file a claim in

Dr. Kubler's pending garnishment proceeding (see *Perry v. Freeman*, 163 Ga. App. 186 (293 SE2d 381) (1982)) and Dr. Kubler likewise had an interest in those accounts sufficient to authorize him to intervene in Dr. Goerg's subsequent fraudulent conveyances action. "The interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment, and such interest must be created by the claim in suit, or *a claim to a lien upon the property*, or some part thereof, which is the subject matter of the litigation. [Cits.] The fact that a [lien] held by the intervenor would lose its priority under the contentions of the plaintiff is such an interest as would entitle him to intervene as a party defendant to resist the prayers of the plaintiff's petition. [Cit.]" (Emphasis supplied.) *Rossville Fed. Savings &c. Assn. v. Chase Manhattan Bank*, 223 Ga. 188, 189 (1) (154 SE2d 243) (1967) (construing pre-CPA law).

Turning to the second requirement of OCGA § 9-11-24 (a) (2), it appears that a disposition favorable to Dr. Goerg in his fraudulent conveyances action would "as a practical matter impair or impede [Dr. Kubler's] ability to protect" his inchoate or incomplete lien on Ms. Skowronek's accounts at the Bank. A holding that the proceeds of those accounts were *not* the property of Ms. Skowronek would certainly impair or impede, if not preclude, the perfection of the lien on those specific accounts at issue in Dr. Kubler's pending garnishment proceeding. See generally *State Farm &c. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447, 453 (3b) (271 SE2d 844) (1980). Compare *Shoemake v. Woodland Equities*, 252 Ga. 389, 394 (3) (313 SE2d 689) (1984). Intervention is authorized "where the applicant [is] so situated, as in our case, to be adversely affected by disposition of property under court control. [Cit.]" *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 959 (3) (216 SE2d 897) (1975). See also *Rossville Fed. Savings &c. Assn. v. Chase Manhattan Bank*, supra at 189 (1).

Finally, insofar as the inadequacy of representation . . . is concerned, it cannot be said that Dr. Kubler's interest in the accounts was adequately represented by Ms. Skowronek. She had failed to file an answer to Dr. Goerg's complaint and allowed the case to go into default. See *First Nat. Bank in Newnan v. Blackburn*, supra. A finding "that the representation . . . is . . . inadequate [may be] based solely on the status and claims of the parties as revealed by the pleadings and representations of counsel. In this case[, there were no defensive pleadings filed by Ms. Skowronek and] the application for intervention revealed a claim of the applicant ([Dr. Kubler]) adverse to [Dr. Goerg] involving the subject matter of the pending suit. . . ." *Southwest Ga. Production Credit Assn. v. Wainwright*, 241 Ga. 355, 356-357 (2) (245 SE2d 306) (1978). Therefore, "[w]e conclude that . . . [Dr. Kubler's] interest [was] not adequately represented by ex-

isting parties." *State Farm &c. Ins. Co. v. Five Transp. Co.,* supra at 453-454 (3b). Compare *Shoemake v. Woodland Equities,* supra at 394 (3).

2. Notwithstanding the merits of Dr. Kubler's motion to intervene, Dr. Goerg urges that it nevertheless was not timely filed and that, on this procedural basis, the trial court's denial of the motion was authorized.

Ms. Skowronek was in default at the time Dr. Kubler filed his motion to intervene. However, default *judgment* had not yet been entered and, in fact, was not entered until some ten months thereafter. See generally *First Nat. Bank in Newnan v. Blackburn,* supra. Compare *Cipolla v. F.D.I.C.,* 244 Ga. 444 (260 SE2d 482) (1979); *Harkness v. State of Ga.,* 185 Ga. App. 770 (365 SE2d 552) (1988); *Doe v. Garcia,* 177 Ga. App. 61 (338 SE2d 710) (1985). Moreover, "a consideration of whether an application to intervene has been timely filed does not depend solely on the amount of time that may have elapsed since institution of the action." *Liberty Nat. Bank &c. Co. v. Diamond,* 231 Ga. 321, 325-326 (IV) (201 SE2d 400) (1973).

As we have held in Division 1, Dr. Kubler did have an interest in Ms. Skowronek's accounts at the Bank by virtue of his pending garnishment proceeding, and he was so situated that his ability to protect his interest would, as a practical matter, be impeded or impaired by an unfavorable disposition of Dr. Goerg's fraudulent conveyances action. Accordingly, Dr. Kubler should have been named and served as a defendant in Dr. Goerg's fraudulent conveyances action from the outset. See OCGA § 9-11-19 (a) (2) (A). "Generally, whether an intervention is timely is a matter within the sound discretion of the trial court and such discretion will not be controlled. Yet, where, as in the present case, intervention is sought *prior to judgment by a necessary party* who should have been named and served in the original complaint, such intervention should have been allowed and the failure to do so amounts to an abuse of discretion. Rather than prejudicing the rights of [Dr. Goerg,] the permitting of such intervention would result in a judgment (assuming that [he was] finally successful) binding against [Dr. Kubler] whereas otherwise [Dr. Goerg's right to the proceeds of Ms. Skowronek's accounts in the Bank] would remain doubtful." (Emphasis supplied.) *State of Ga. v. Bruce,* 231 Ga. 783, 786 (204 SE2d 106) (1974).

3. Dr. Kubler met all three of the requirements for intervention of right pursuant to OCGA § 9-11-24 (a) (2). *State Farm &c. Ins. Co. v. Five Transp. Co.,* supra at 452 (3). His motion to intervene was timely filed. *State of Ga. v. Bruce,* supra. It follows that the trial court erred in denying Dr. Kubler's motion.

## Case No. A90A0898

4. "Only a party to the case can appeal from a judgment or one who has sought to become a party by way of intervention, and has been denied that right. [Cits.]" *Johnson v. Rex Evans RV Center*, 160 Ga. App. 189, 191 (286 SE2d 509) (1981). Dr. Kubler is one who sought to become a party-defendant by way of intervention and, as we have held in Case No. A90A0897, he was erroneously denied the right to become Ms. Skowronek's co-defendant in Dr. Goerg's fraudulent conveyances action.

However, in the instant appeal, Dr. Kubler seeks appellate review of the *default* judgment that was entered in favor of Dr. Goerg against Ms. Skowronek. "[W]hen a judgment is entered by default, the parties to that judgment are the plaintiff and the defaulting defendant. His default operates as an admission of the truth of the well-pleaded material facts alleged against him. [Cits.] However '. . . an admission predicated upon a default is operative [only] against the particular party who makes default, and does not bind a co-defendant who appears and contests the litigation.' [Cit.] Just as a judgment is not binding on persons who are neither parties nor privies to it ([cits.]), so a default judgment is not binding on co-defendants who are not in default. [Cits.]" *Peek v. Southern Guar. Ins. Co.*, 240 Ga. 498, 499 (1) (241 SE2d 210) (1978).

" '(P)roper procedure is followed, after a default is entered against the nonappearing defendant, by proceeding to a trial of all the issues raised by the appearing defendants.' [Cits.] Thus as against [Dr. Kubler], [Dr. Goerg] must prove [the allegations of his complaint]. We do not perceive how the default judgment [against Ms. Skowronek] has adversely affected [Dr. Kubler] as [an intervening] co-defendant, and [his] appeal [from that default judgment] must be dismissed. [Cits.]" *Avis Rent A Car System v. Rice*, 132 Ga. App. 857, 858 (2) (209 SE2d 270) (1974).

## Case No. A90A0899

5. Although Dr. Goerg's cross-appeal from the grant of the default judgment was timely filed, the result of our holding in Case No. A90A0897 is that he does not now "stand to receive benefit or advantage by a decision of his cross-appeal." OCGA § 5-6-48 (e). If an appellant or cross-appellant "would receive no benefit by reversal of the case, [his appeal] is moot. [Cits.]" *Chaplin v. State*, 141 Ga. App. 788, 789 (1) (234 SE2d 330) (1977). Accordingly, Dr. Goerg's cross-appeal is hereby dismissed pursuant to OCGA § 5-6-48 (b) (3).

*Judgment reversed in Case No. A90A0897. Appeals dismissed in Case Nos. A90A0898 and A90A0899. McMurray, P. J., and Sognier,*

*J., concur.*

Decided November 5, 1990 —
Rehearing denied November 21, 1990.

Macey, Wilensky, Cohen, Wittner & Kessler, Morris W. Macey, James R. Sacca, for appellant.

Richard B. Herzog, Jr., Doffermyre, Shields & Canfield, Robert E. Shields, Powell, Goldstein, Frazer & Murphy, Eric W. Anderson, Kilpatrick & Cody, Thomas C. Shelton, Laurel J. Lucey, for appellee.