A96A0654. ASTIN v. CALLAHAN et al.
A96A0655. SOUTHERN NATURAL GAS COMPANY
v. CALLAHAN et al.
(474 SE2d 81)

MCMURRAY, Presiding Judge.

On March 10, 1995, plaintiff Dennis M. Astin brought this tort action against defendants Carl Lamar Callahan ("Mr. Callahan") and Sylvia Jean Callahan ("Mrs. Callahan"), seeking to recover for personal injuries plaintiff sustained on March 12, 1993, when Mrs. Callahan, while driving Mr. Callahan's vehicle, "collided into a 1989 GMC Sierra Pickup Truck in which Plaintiff was riding." This complaint was submitted by Don H. Taliaferro as "ATTORNEY FOR PLAINTIFF" and by G. Scott Hoffman as "ATTORNEY FOR SOUTHERN NATURAL GAS COMPANY." The Home Indemnity

Company and St. Paul Fire & Marine Insurance Company also were served in their capacities as ostensible uninsured motorist carriers. In the Callahans' joint answer, filed March 23, 1995, Mrs. Callahan admitted "she failed to stop at [a] stop sign," but they denied the other material allegations and defended, inter alia, on the ground of a prior suit "already pending in the Superior Court of Upson County entitled *Dennis M. Astin v. Carl Lamar Callahan and Sylvia Jean Callahan* being Civil Action File #94-V-1196 and [contended that] this action should therefore be dismissed pursuant to O.C.G.A. § 9-2-5." Defendants subsequently moved for summary judgment, supporting their motion with a copy of the first action, Case No. 94-V-1196, filed December 28, 1994. Defendants also submitted plaintiff's voluntary "DISMISSAL WITHOUT PREJUDICE" of that case as of March 29, 1995, i.e., six days after the answer raised the pendency of that first suit.

On July 21, 1995, plaintiff's employer, Southern Natural Gas Company ("SNG") filed a response to defendants' motion to dismiss Case No. 95-V-200 purportedly "on behalf of plaintiff Dennis M. Astin," contending that dismissal was unauthorized under OCGA § 9-2-5 because while SNG "is a party in the second action, it was not in any respect a party in the first action." The trial court concluded that plaintiff Astin's claim was barred owing to the pendency of the prior suit, and further concluded that SNG, as Astin's employer, was a statutory assignee under OCGA § 34-9-11.1 which "could take nothing more than that which existed to assign." Consequently, the trial court dismissed the second suit, Case No. 95-V-200. These appeals followed. In Case No. A96A0654, plaintiff Astin appeals from the dismissal of the second suit, and in Case No. A96A0655, SNG also appeals from that dismissal. As the two cases raise identical enumerations based on the same set of facts, the cases are hereby consolidated for disposition on appeal. *Held*:

In three related enumerations, SNG and plaintiff Astin contend that the trial court erred in applying the wrong version of OCGA § 34-9-11.1 (and so the wrong limitation period) and further erred in dismissing the second suit.

## Case No. A96A0654

1. OCGA § 9-2-5 (a) provides: "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." "The effect of [this] defense cannot be avoided even by a dis-

missal of the first suit. *Singer v. Scott*, 44 Ga. 659 (1872); *McPeake v. Colley*, 116 Ga. App. 320 (157 SE2d 562) (1967); *Harbin Lumber Co. v. Fowler*, 137 Ga. App. 90 (222 SE2d 878) (1975). See also: *Cooper v. Public Finance Corp.*, 146 Ga. App. 250 (246 SE2d 684) (1978)." *Steele v. Steele*, 243 Ga. 522, 523 (2) (255 SE2d 43). In the case sub judice, the two complaints, the causes, and the defendants are identical except that the second suit expressly alleges that Dennis M. Astin "is Plaintiff pursuant to OCGA [§] 34-9-11.1." Consequently, the trial court correctly dismissed the second suit as to plaintiff Astin on the basis of a prior suit pending, even though the prior suit had been voluntarily dismissed after commencement of the second action. *Steele v. Steele*, 243 Ga. 522, 523 (2), 524, supra. All other issues are moot as to plaintiff Astin.

### Case No. A96A0655

2. OCGA § 34-9-11.1 (b), as amended by Ga. L. 1995, p. 642, § 2, provides that the "employer or such employer's insurer [of an injured employee] shall have a subrogation lien, not to exceed the actual amount of [any workers'] compensation paid . . . against any . . . recovery . . ." by the employee in an action against a third-party tortfeasor. "The employer or insurer may intervene in any action to protect and enforce such lien." OCGA § 34-9-11.1 (b). Any action against such a third-party tortfeasor "must be instituted in all cases within the applicable statute of limitations. If such action is not brought by the employee within one year after the date of injury, then the employer or such employer's insurer may . . . assert the employee's cause of action in tort, either in its own name or in the name of the employee." OCGA § 34-9-11.1 (c). "If after one year from the date of injury the employee asserts his or her cause of action in tort, then the employee shall immediately notify the employer or its insurer . . ., and the employer or its insurer shall have a right to intervene." OCGA § 34-9-11.1 (c).

SNG correctly argues that the provisions of OCGA § 34-9-11.1, as amended by the 1995 law, are applicable to this case, since plaintiff Astin's injury took place on March 12, 1993. OCGA § 34-9-11.1 (e); *Moore v. Savannah Cocoa*, 217 Ga. App. 869, 870 (1) (459 SE2d 580). Consequently, SNG was entitled to protect and enforce any claim to a subrogation lien. But SNG never moved to intervene in either suit, where Dennis M. Astin is the sole entity named as a party plaintiff. See OCGA §§ 9-11-17 (a) (real party in interest) and 9-11-24 (a) (intervention of right). " 'Only a party to the case can appeal from a judgment or one who has sought to become a party by way of intervention, and has been denied that right. (Cits.)' *Johnson v. Rex Evans RV Center*, 160 Ga. App. 189, 191 (286 SE2d 509)

(1981)." *Kubler v. Goerg*, 197 Ga. App. 667, 671 (4) (399 SE2d 229). In our view, the fact that the second complaint was jointly submitted by one "ATTORNEY FOR PLAINTIFF" and another "ATTORNEY FOR SOUTHERN NATURAL GAS COMPANY" is insufficient to describe SNG as a party litigant to the complaint captioned Dennis M. Astin, plaintiff, v. Carl Lamar Callahan and Sylvia Jean Callahan, defendants. "We rule this upon the broad principle that no person can successfully assert a beneficial interest under a proceeding who is not, either by name or description, mentioned or referred to in the petition or application constituting the basis thereof." *Anderson v. Walker*, 114 Ga. 505, 506 (2), 507 (40 SE 705). Consequently, we dismiss Case No. A96A0655 due to the lack of standing for SNG to prosecute this appeal from the trial court's dismissal of Civil Action No. 95-V-200, *Astin v. Callahan. Gates v. Rutledge*, 151 Ga. App. 844 (261 SE2d 757).

*Judgment affirmed in Case No. A96A0654. Appeal dismissed in Case No. A96A0655. Blackburn and Ruffin, JJ., concur. Johnson, J., disqualified.*

DECIDED JUNE 26, 1996 —
RECONSIDERATION DENIED JULY 11, 1996 —

*Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Zirkle & Hoffman, G. Scott Hoffman, Benjamin E. Pellegrini, Kevin Elwell*, for appellants.
*Alan W. Connell*, for appellees.