47813. WHITE et al. v. WATSON ENTERPRISES, INC.

ARGUED JANUARY 3, 1973 — DECIDED JUNE 14, 1973.

*Grogan, Jones & Layfield, Richard A. Childs,* for appellants.
*Jack A. King,* for appellee.

BELL, Chief Judge. 1. The defendants contend that the plaintiff,

who had the burden of proof on its motion for summary judgment, failed to show that it was a licensed real estate broker or salesman under Code § 84-1413, an essential element of proof for the recovery of a commission. *Beets v. Padgett,* 123 Ga. App. 68 (179 SE2d 560). That proof, however, was waived by defendants when, in their answer, they admitted that they would owe the $888 real estate commission fee upon closing the sale of the property. The affidavits filed in support and in opposition to the motion for summary judgment show that the sale was in fact consummated. Thus, by this conditional admission in its answer and the undisputed fact of the subsequent closing of the sale, the defendants have admitted that plaintiff was entitled to the real estate sales commission and impliedly admitted plaintiff was a licensed broker or salesman.

2. At first glance it appears that the total amount of damages sought by the counterclaim is in excess of plaintiff's amended demand for the real estate commission of $888. Of course, the filing of a legally sufficient counterclaim in excess of plaintiff's claim ordinarily requires the denial of a motion for summary judgment. *Rubel Baking Co. v. Levitt,* 118 Ga. App. 306 (163 SE2d 437). However, of the amount sought, the $500 claimed as litigation expenses cannot be recovered as the provisions of Code § 20-1404 are not available to a defendant by way of counterclaim. *Pittman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (177 SE2d 167). Defendant has also conceded this point. Thus, eliminating this $500, the defendants' counterclaim is reduced to the amount of $846.25, which is less than plaintiff's claim. This removes *Rubel* as controlling. By the pleadings and the undisputed facts plaintiff has shown its entitlement to the real estate commission of $888. Accordingly, we affirm the lower court's judgment granting summary judgment to the plaintiff.

3. It appears that the supplemental counterclaim as filed was procedurally correct. With the exception of the $500 claimed for litigation expenses, the other items of damage appear to be properly asserted by way of counterclaim. Therefore, it was error for the trial court to dismiss the supplemental counterclaim in toto as it appears to be a claim upon which relief can be granted for all the alleged items of damage except the $500 litigation expenses.

We affirm that part of the lower court's judgment granting summary judgment to the plaintiff for his real estate commission but reverse as to the dismissal of the counterclaim.

*Judgment affirmed in part; reversed in part. Deen and Quillian, JJ., concur.*