## 29856. DUKES v. JOYNER.

JORDAN, Justice.

Annie Dukes sought to probate an alleged nuncupative will of her son, Otis Coleman Sumler, in the Court of Ordinary (now Probate Court) of Ben Hill County. One of the sons of the deceased filed a caveat to the probate of the will. The ordinary found that the propounder had failed to prove the essential elements of a nuncupative will, and sustained the caveat. The propounder appealed to the superior court.

The caveator filed a motion to dismiss the appeal and for judgment on the pleadings on the following grounds: (1) The appeal from the ordinary to the superior court was not timely filed. (2) No nuncupative will, reduced to writing within 30 days, was filed with the ordinary as required by Code § 113-503. (3) No nuncupative will was before the ordinary, and the documents filed by the propounder did not meet the legal requirements of a nuncupative will.

The judge of the superior court granted the motion on the second and third grounds and dismissed the appeal. The appeal in this court is from that judgment.

1. While the superior court judge "dismissed" the appeal from the court of ordinary, his judgment also "granted" the motion of the caveator (appellee), which had prayed for a judgment on the pleadings, on grounds applicable to such a motion.

This court has held that our statutes authorize the grant of summary judgment in a will probate proceeding in the superior court upon appeal from the court of ordinary. *Taylor v. Donaldson,* 227 Ga. 496, 497 (181 SE2d 340). A motion for judgment on the pleadings is

closely related to a motion for summary judgment. Code Ann. § 81A-112 (c) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). A judgment on the pleadings may be granted to the appellee in an appeal from the court of ordinary where the record transmitted to the superior court shows that some essential element of the appellant's case is lacking and incapable of proof. Compare *Waldrep v. Goodwin,* 230 Ga. 1 (1) (195 SE2d 432).

2. Code Ann. § 113-502 (Ga. L. 1964, Ex. Sess., pp. 16, 18) provides: "No nuncupative will shall be good unless proved by the oaths of at least two competent witnesses who were present in the making thereof; nor unless it shall be proved that the testator, at the time of pronouncing the same, bade the persons present, or some of them, to bear witness that such was his will, or to that effect; nor unless such nuncupative will was made in the time of the last sickness of the deceased." Code § 113-503 provides: "The substance of the testamentary dispositions shall be reduced to writing within 30 days after the speaking of the same."

The propounder (appellant) filed with the court of ordinary separate writings by six persons. These writings related statements made by the decedent to the affiants as follows: (1) If anything happened to him, the furniture would be his mother's. (2) If something ever happened to him, he wanted his mother to have his car, and everything, if she wanted it. (3) Everything he had was his mother's. (4) He did not want anyone to have anything of his except his mother. (5) When he died, the Government would take care of his kids, and he did not want his ex-wife to have anything that belonged to him. (6) He desired that his mother should get his Cadillac automobile the affiant had sold him recently.

The writings filed with the ordinary totally failed to constitute a nuncupative will. None of the writings indicate that the decedent had any intention that the statement made was meant to be an oral will. No statement was made in the presence of two witnesses. There was no reduction to writing within 30 days of the substance of an oral testamentary disposition.

The appeal to the superior court from the probate

court is a de novo investigation, and competent evidence may be heard which was not introduced in the probate court. Code Ann. § 6-501 (Ga. L. 1972, pp. 638, 642).

In the present case additional evidence could not aid the appellant's case. The writings filed could not be probated as a nuncupative will. It would therefore be futile for the appeal from the ordinary's court to proceed to trial in the superior court.

The trial judge did not err in granting the appellee's motion for judgment on the pleadings.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1975 — DECIDED JUNE 2, 1975.

*Gordon R. Zeese,* for appellant.
*Mills & Chasteen, Ben B. Mills, Jr.,* for appellee.