## 54650. COBB COUNTY SYNDICATE I et al. v. FREDERICK W. BERENS, INC.

McMurray, Judge.

On March 30, 1973, Cobb County Syndicate I, a limited partnership, entered into a construction loan agreement with Frederick W. Berens, Inc. whereby Berens agreed to lend Cobb $1,600,000 to finance the construction of an apartment complex in Cobb County. On the same date, Cobb executed and delivered to Berens a first morgage real estate note or notes (for $1,450,000 and $150,000) and a deed to secure debt and security agreement, conveying as security for the notes the land and any improvements thereon upon which the apartment complex was to be constructed. Boyd, the general partner of Cobb, and the limited partners executed and delivered to Berens a continuing agreement of guarantee and indemnity that jointly and severally and unconditionally guaranteed "to Berens the full, punctual performance of each and every one of Borrower's [Cobb] obligations (including without limitation thereto, payment of money) arising from or in connection with any and all loans, advances and/or other accommodations made by Berens to Borrower. . ."

The advance of money to Cobb was keyed to the progress of the work and W. L. McBee Construction Company, Inc., Cobb's general contractor and authorized representative, prepared vouchers stating the value of the cost of the work for the purpose of drawing money. These draw requests were in turn submitted to the inspecting architect to review the request and inspect the progress of the construction. Following his certification, Berens would disburse the amount requested by Cobb's general contractor and approved by the inspecting architect. All of the above was in accordance with the construction loan agreement and the lender was to make advances to borrower "no more frequently than monthly, which advances shall be in amounts not exceeding ninety (90%) percent of the value or the cost, whichever is lower, of the work acceptably completed and approved for payment by the Inspecting Architect and by Lender. . ." (Paragraph 11 of the agreement).

After execution of the documents, construction of the apartment complex began and approximately one million dollars had been disbursed to Cobb by Berens. In October 1973, the general contractor abandoned the project, later filing bankruptcy. Subsequently Cobb defaulted under the notes, construction loan agreement and deed to secure debt. Berens made demand for payment on Cobb and the partners, general and limited, as guarantors; and, following their failure to pay, instituted a foreclosure proceeding.

After advertisement and sale for $735,000, the sale was confirmed by the Superior Court of Cobb County. Berens then sued the limited partnership for the deficiency. The defendants answered by way of affirmative defenses, and among others, alleged the default was proximately caused by Berens' wilful breach of its contract with Cobb and that Berens was therefore barred from recovering any money from the defendants by reason of the wilful, wanton and negligent acts of plaintiff, and it is therefore estopped to demand any sums from the defendants. The defendant guarantors also allege that as sureties they were discharged from all liability by the actions of the plaintiff which increased their risk as sureties. They also filed a counterclaim seeking compensation in the amount of $250,000 plus any additional amount for which defendants might be liable on the deficiency judgment in damages by reason of the wrongful acts of the plaintiff. Defendants allege these acts to be in forcing them to withdraw their own inspecting architect and obtaining the services of another architect to work more effectively with the general contractor and whose acts while working within the scope of his employment for the plaintiff were grossly negligent in allowing disbursements to the general contractor which were grossly excessive and created an overdrawn status of the construction loan. They also allege that even after the plaintiff was informed of the negligence "of its inspecting architects and the overdrawn status of the construction loan, plaintiff nevertheless willfully and wantonly continued the disbursement of construction funds from plaintiff's account in the absence of any approval or certification," by an inspecting architect, resulting in an

excess disbursement of more than $500,000, leaving defendants with a 40% completed project on which more than $500,000 had been needlessly squandered, and the construction could not possibly be completed with the funds available under the construction loan.

After considerable discovery plaintiff moved for summary judgment on its claim and the counterclaim. The motion for summary judgment was granted as to the petition for deficiency subject, however, to a determination of the merits of defendant's counterclaim. That part of plaintiff's motion relating to the counterclaim was not ruled upon. The court thus reversed its ruling on the counterclaim. Defendants appeal. *Held:*

The sole basis for appellants' contention that issues of fact remain for jury determination is that Berens, over the protest of the inspecting architect and without the knowledge and consent of the appellants, paid out monies to the general contractor which was a wrongful disbursement of said funds. Yet such funds were not paid directly to the contractor but to the borrower by the lender who in turn disbursed the funds to the contractor. Therefore, the monies were loaned to the appellant (limited partnership) regardless of the slip-shod method in which the funds were spent on the project, and they are liable for the repayment of said funds. The court did not grant summary judgment as to the counterclaim but merely as to the deficiency, thus being the grant of a partial summary judgment. Therefore, such cases as *Rubel Baking Co. v. Levitt,* 118 Ga. App. 306 (163 SE2d 437); *Tipton v. Harden,* 128 Ga. App. 517, 519 (2) (197 SE2d 746); and *Mays v. C. & S. Nat. Bank,* 132 Ga. App. 602, 606 (208 SE2d 614), do not apply as the court merely eliminated the issue as to the deficiency, and the judgment sought in the counterclaim remains for determination. See pp. 604, 605 of the *Mays* case. This case differs on its facts from those of *Shaw v. Cousins Mtg. &c. Investments,* 142 Ga. App. 773, 776 (7) (236 SE2d 919); and *Real Estate World, Inc. v. Southeastern Land Fund, Inc.,* 137 Ga. App. 771 (224 SE2d 747) (partially reversed by *Southeastern Land Fund, Inc. v. Real Estate World, Inc.,* 237 Ga. 227, 232 (227 SE2d 340)), inasmuch as the trial court did not grant a money judgment for the amount

sought in the complaint, but merely decided the issue of the deficiency. A jury issue remains, and it may well wipe out entirely the amount of the deficiency. The trial court may enter a partial summary judgment as to any genuine issue or as to any material fact in the case although other issues remain. See *White v. Watson Enterprises, Inc.,* 129 Ga. App. 203 (199 SE2d 357); *Allstate Ins. Co. v. Harris,* 133 Ga. App. 567, 571 (2, 3) (211 SE2d 783); *Henderson Mill, Ltd. v. McConnell,* 237 Ga. 807, 809 (2) (229 SE2d 660) and cits. Accordingly, the court did not err in granting the partial summary judgment as to the deficiency.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED OCTOBER 3, 1977 — DECIDED JANUARY 17, 1978 — REHEARING DENIED FEBRUARY 9, 1978 —

Taylor W. Jones, C. Cyrus Malone, for appellants.
*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., Jerald D. Stubbs,* for appellee.