## 55735. FAGALA v. MORRISON et al.

Birdsong, Judge.

Sam Morrison (Morrison) and Strategic Marketing, Inc. (SMI) brought suit against Jack E. Fagala (Fagala), alleging, in Count 1, a debt due and owing on a note, and in Count 2, an indebtedness arising out of a Stock Purchase and Redemption Agreement (agreement) executed by and between Morrison, Fagala, and SMI; additional counts pleaded in appellees' complaint are not at issue in this appeal. Fagala answered, admitting the existence and execution of the note and agreement, and raised the affirmative defense of total failure of consideration, as to the note. As to the agreement, Fagala denied personal liability. Additionally, in a pleading denominated "cross action," Fagala alleged that Morrison wrongfully diverted assets belonging to SMI. From the grant of appellees' motion for summary judgment as to Counts 1 and 2, Fagala appeals. *Held:*

1. Fagala contends that the trial court erred in granting summary judgment as to Counts 1 and 2 of appellees' complaint for the reason that unresolved issues of fact remained as to the defenses of (a) failure of consideration and (b) accord and satisfaction.

The uncontradicted evidence showed that appellant received, in exchange for the note, the consideration for which he had bargained: 2,500 shares of stock in SMI, as well as all the rights, privileges, and benefits of a shareholder, director, and officer of SMI. Even assuming that "the stock which the [appellant] had acquired became worthless, the worthlessness of the stock did not constitute a failure of consideration." *Farrell v. Barrett,* 45 Ga. App. 104 (163 SE 217). See *Shelton v. Mentzer,* 125 Ga. App. 270 (187 SE2d 341).

" 'An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding.' [Cits.]" *Mason Gin &c. Co. v. Piedmont Acid Delinting,* 126 Ga. App. 298, 300 (190 SE2d 604).

Appellant's allegation of accord and satisfaction was pierced by the affidavits, which showed simply that appellant resigned over a year after execution of the note and agreement, as officer and director of SMI, and simultaneously therewith attempted to "relinquish to [Morrison] any title to or interest in the stock" of SMI. These declarations were wholly unilateral in nature, and totally failed even to raise the issue of accord and satisfaction, as to Fagala's indebtedness to Morrison on either the note or the agreement, regardless of SMI's acceptance of Fagala's resignation.

2. Fagala contends that the trial court erred in granting summary judgment in favor of appellees, as to Counts 1 and 2, for the reason that his "pending cross action was for an amount greater than that sued for" by appellees. This contention is controlled adversely by Code Ann. § 81A-156 (d), which gives the trial court "statutory authority to enter judgment as to some issues and leave other issues pending. [Cit.]" *First Nat. Bank v. Osborne,* 233 Ga. 602, 604 (212 SE2d 785). Absent "an express determination [by the trial court] that there is no just reason for delay and. . . an express direction for the entry of judgment . . .any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Code Ann. § 81A-154 (b). Thus, the grant of summary judgment as to Counts 1 and 2 remains subject to reduction or set-off against appellant's counterclaim, pending resolution thereof. Accordingly, cases such as *Rubel Baking Co. v. Levitt,* 118 Ga. App. 306 (163 SE2d 437) are not controlling. See *Cobb County Syndicate v. Berens,* 144 Ga. App. 775 (242 SE2d 629).

3. The agreement, pursuant to which Count 2 was brought, provided that SMI would, under certain conditions repurchase its stock held by Morrison, and further stated: "Should [SMI] be prohibited by any law from making the purchase of stock as provided for in this paragraph, then, and in that event, Fagala does agree to purchase Morrison's stock for the purchase price, and

under the same terms and conditions as above set out for purchase by [SMI]." Fagala admitted execution of this agreement, and it is not disputed that SMI was prohibited by law from purchasing Morrison's stock. Fagala's contention that he is relieved of liability under the agreement as a result of Morrison's alleged dissipation of SMI's assets, or otherwise failed to comply with other conditions stipulated in the agreement, is without merit.

4. For the reasons stated above, the trial court did not err in granting summary judgment in favor of appellees as to Counts 1 and 2.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED APRIL 11, 1978 — DECIDED JUNE 22, 1978.

*Mackay & Elliott, James A. Mackay, Philip B. Cordes,* for appellant.

*Berthold & Gordon, James J. Brissette, Richard A. Gordon,* for appellees.