57967. COBB COUNTY SYNDICATE I et al. v. FREDERICK W. BERENS, INC.

McMURRAY, Presiding Judge.

This case is a continuation of *Cobb County Syndicate I v. Frederick W. Berens, Inc.,* 144 Ga. App. 775 (242 SE2d 629). Berens, the plaintiff, had sought a deficiency judgment following foreclosure of a construction loan to finance the construction of an apartment complex in Cobb County. Defendants answered denying the claim alleging numerous defenses of estoppel and increase in their risk as sureties and by counterclaim they sought damages by reason of certain wrongful acts of the plaintiff in forcing them to withdraw their own inspecting architect, the obtaining of the services of another architect to work more effectively with the general contractor, and other actions of the plaintiff in the disbursing of construction funds which resulted in excess disbursement of same resulting in damages to them.

Plaintiff moved for summary judgment. However, the trial court granted only partial summary judgment "as to the petition for deficiency in favor of Defendant [plaintiff-?] . . . subject, however, to a determination of the merits of Defendant's counterclaim." No ruling was made as to the counterclaim. This court in *Cobb County Syndicate I v. Frederick W. Berens, Inc.,* 144 Ga. App. 775, 777, supra, held that the funds had been loaned to the

defendant, a limited partnership, and that the partners were liable for the repayment of said funds, and inasmuch as the trial court did not grant a money judgment for the amount sought in the complaint but merely decided the issue of the deficiency, a jury issue remained. Consequently, this court affirmed the granting of a partial summary judgment "although other issues remain."

On the return of the remittitur the trial court has held that this court affirmed the granting of summary judgment to the plaintiff for the relief demanded in the complaint, and since the defendants' counterclaim was but a mirror image of the defendants' affirmative defenses in which the controlling facts are the same, the trial court, without further consideration of any other evidence, granted summary judgment to the plaintiff against the defendants jointly and severally in an amount of $260,877.66 principal and $188,991.49 interest. Defendants appeal. *Held:*

The trial court's consideration of our opinion in *Cobb County Syndicate I v. Frederick W. Berens, Inc.*, 144 Ga. App. 775, 778, supra, is misplaced. This court did not decide that the plaintiff was entitled to the relief demanded in the complaint, but merely decided that the trial court did not err in granting a partial summary judgment, incidentally "in favor of Defendant [plaintiff-?] . . . subject, however, to a determination of the merits of Defendant's counterclaim." We merely held that the trial court eliminated the issue as to the deficiency, and the judgment sought in the counterclaim remained for determination. The evidence previously before the court was in conflict as to whether or not the actions of the plaintiff in the handling of this construction loan resulted in any damages to the defendants. We previously held at page 778 that, "[a] jury issue remains, and it may well wipe out entirely the amount of the deficiency." The ruling in that case was that the trial court did not err in granting the partial summary judgment as to the deficiency. Accordingly, the trial court erred in holding that the plaintiff was entitled to the relief, as to any amount, demanded in the complaint and that this court had determined that this plaintiff was entitled to summary judgment on the main case.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED JUNE 13, 1979 — DECIDED SEPTEMBER 4, 1979 —

*Taylor W. Jones, C. Cyrus Malone,* for appellants.
*Charles E. Watkins, Jr., David Bailey,* for appellee.