## 63641. FAGALA v. MORRISON et al.

BANKE, Judge.

The appellees brought suit in the State Court of Fulton County to recover an indebtedness allegedly owed by the appellant under a promissory note and a stock purchase and redemption agreement, as well as to recover damages for the appellant's alleged mismanagement of a corporation and his alleged interference with the appellees' contractual relationships. The appellant filed a counterclaim seeking certain unliquidated damages. The trial court granted summary judgment for the appellees for the indebtedness due under the promissory note and stock agreement, and this court affirmed in *Fagala v. Morrison,* 146 Ga. App. 377 (246 SE2d 408) (1978). The unliquidated claims of the parties were left pending.

On July 11, 1980, after rendition of the summary judgment, the appellees served the appellant with a request for production of documents "for inspection, copying, testing, and sampling." The request specified "visual examination and photostatic or xerographic duplication as the manner for making the inspection." In response to this request, the appellant, who resides in Alabama, sent to his attorney in DeKalb County, Georgia, certain stock certificates which he owned in a corporation known as Rebel State Sales Co., Inc.; and on August 11, 1980, this attorney notified the appellees' attorney that the certificates were available for inspection and copying at his office. A few weeks later, a deputy sheriff appeared at the attorney's office seeking to levy on the stock certificates, and the attorney refused to turn them over on the ground that they were in his possession for the limited purpose of complying with the request for production of documents. The following day, he mailed the stock back to Alabama in compliance with the appellant's demand.

On October 27, 1980, the appellees filed a "notice to produce" directed specifically at the stock certificates, and the appellant responded by moving for a protective order. On March 27, 1981, the trial court denied the motion and ordered that the certificates be delivered to the marshal "for execution and levy as provided by law." On June 19, 1981, the appellees filed a motion for sanctions based on the appellant's failure to comply with this order. Appellant's counsel then filed an affidavit from the appellant stating that on February 14, 1981, title to the certificates had been transferred to Betty Fagala "in consideration for her long-time services to the Rebel States Sales Corp." On June 19, 1981, the trial court entered an order striking the appellant's counterclaim as sanction for his failure to produce the stock as ordered. He also ordered the appellant jailed for 20 days for

contempt of court and ordered his counsel to show cause why he should not be held in contempt if the certificates were not produced within five days. Finally, he ordered the appellant and his counsel jointly to pay $500 as attorney fees. This appeal followed. *Held:*

1. As the appellees' unliquidated claims are still pending and the appellant has failed to follow the procedures for interlocutory appeal set forth in Code Ann. § 6-701 (a) (2), this court is without jurisdiction to review the dismissal of the appellant's counterclaim at this time.

2. The order declaring the appellant in contempt must be reversed, as the trial court had no authority whatsoever to order the appellant to deliver the certificates to the marshal for execution and levy. The procedures set forth in Code Ann. § 81A-134 for production of documents and other records are procedures for *discovery,* not execution. Although discovery procedures may certainly be utilized to assist in the collection of judgments, they were never intended to be used as a substitute for execution and levy. Furthermore, it appears without dispute from the record that at the time the appellant was ordered to deliver the certificates to the marshal, he no longer owned them. Thus, even had the order been lawful, it does not appear that the appellant was in a position to comply with it.

Although the order requiring the appellant's attorney to show cause is not subject to direct appeal because it is not final, we note that he did not have it within his power to deliver the stock certificates, either.

3. The award of attorney fees appears to have been imposed pursuant to Code Ann. § 81A-137 (d) as further sanction for the failure to produce the stock certificates, rather than as punishment for contempt. As such, the attempt to appeal it, like the attempt to appeal the dismissal of the counterclaim, is premature.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 15, 1982.

*James A. Mackay, Philip B. Cordes,* for appellant.
*Richard A. Gordon,* for appellees.