## 75719. SPAFFORD v. MASERONI.
### (367 SE2d 102)

McMURRAY, Presiding Judge.

On June 4, 1984, plaintiff Maseroni filed her complaint in three counts against defendant Spafford, her former husband. Count 1 sought a judgment for an arrearage of child support for the years 1979 through 1983 and for the first five months of 1984. Counts 2 and 3 sought to domesticate judgments against defendant in the Superior Court of New Jersey Chancery Division, Morris County, dated February 28, 1978, and June 11, 1979. However, the dates of the New Jersey judgments stated in plaintiff's complaint are not consistent with the dates shown by abstracts of judgment attached and incorporated by reference in the complaint. From the abstracts it appears the judgments were actually dated January 12, 1978, and March 28, 1979.

On March 31, 1986, plaintiff filed her motion for partial summary judgment as to Counts 2 and 3. Thereafter, on July 11, 1986, defendant amended his answer to add a defense that "Plaintiff's Complaint is barred by the Statute of Limitations under foreign judgments, OCGA § 9-3-20" and moved for "partial judgment on the pleadings."

The superior court granted plaintiff's motion for partial summary judgment and denied defendant's motion for partial judgment on the pleadings. In its order the superior court concluded that the failure to plead the statute of limitation at the first opportunity was not cured by the amendment to defendant's answer. Defendant appeals from the grant of partial summary judgment in plaintiff's favor and the denial of his motion for partial judgment on the pleadings. *Held*:

OCGA § 9-11-8 (c) provides that: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . ." However, "a properly amended answer is a 'pleading to a preceding pleading' within the meaning of [OCGA § 9-11-8]." *Security Ins. Co. of Hartford v. Gill*, 141 Ga. App. 324, 325 (233 SE2d 278). Thus, while the statute of limitation defense is waivable, it may be raised by amendment. *Gaul v. Kennedy*, 246 Ga. 290 (1), 291 (271 SE2d 196). As there was no pre-trial order entered in the case sub judice (a proposed pre-trial order signed by the parties' counsel but not by the superior court does appear in the record) defendant was authorized to amend his answer during the pendency of plaintiff's motion for partial summary judgment and the superior court was bound to consider defendant's amended answer in ruling on plaintiff's motion. *Security Ins. Co. of Hartford v. Gill*, 141 Ga. App. 324, supra; *Haskins v. Jones*, 142 Ga. App. 153 (235 SE2d 630); *Alexander v. Boston &c. Ins. Co.*, 127 Ga. App. 783 (195 SE2d 277).

Thus, the superior court erred in ruling that defendant could not raise the statute of limitation by amendment of his answer under the circumstances of the case sub judice. As the statute of limitation (5 years after such judgments have been obtained) defense raised by defendant's amended answer raises at least some genuine issues of material fact as to whether plaintiff is entitled to judgment on Counts 2 and 3, the superior court also erred in granting plaintiff's motion for partial summary judgment. As the pleadings affirmatively show that no claim in fact exists, the denial of defendant's motion for partial judgment on the pleadings as to Counts 2 and 3 was also error. *Bergen v. Martindale-Hubbell*, 176 Ga. App. 745, 746 (1) (337 SE2d 770).

*Judgment reversed. Sognier and Beasley, JJ., concur in the judgment only.*

DECIDED MARCH 9, 1988.

*John V. Skinner, Jr.*, for appellant.
*Anthony Kirkland*, for appellee.