A92A0660. C. B. I. NA-CON, INC. v. MACON-BIBB COUNTY WATER & SEWERAGE AUTHORITY.
(421 SE2d 111)

JOHNSON, Judge.

C.B.I. Na-Con, Inc. entered into a contract with Macon-Bibb County Water & Sewerage Authority (the authority) to construct an addition to the Rocky Creek Water Pollution Control Plant. The project engineer was Jordan, Jones & Goulding, Inc. (JJ&G).

C.B.I. encountered construction delays on the project for which it sought time extensions and additional compensation. Pursuant to the procedures outlined in the contract between C.B.I. and the authority, C.B.I. notified JJ&G of its need for additional time and compensation as a result of: 1) abnormal weather conditions; 2) leaks in an aeration basin, caused by deficient design; and 3) sewerage overflows. JJ&G determined that C.B.I.'s claims lacked merit and denied C.B.I.'s request for extensions and additional compensation.

Thereafter, C.B.I. brought suit against the authority in superior court. The authority filed a motion for partial summary judgment. The trial court granted the authority's motion on the basis that Article 10 of the contract between C.B.I. and the authority was a contractual clause rather than an arbitration clause, and the determination of the validity of the claims submitted by C.B.I. fell within the scope of JJ&G's discretion under Article 10. C.B.I. appeals from the trial court's order granting the authority's motion.

1. C.B.I. contends that the trial court erred in interpreting Article 10 of the general conditions of the construction contract so as to vest in JJ&G the final, conclusive, and unappealable authority to determine the validity of C.B.I.'s requests for time extensions and additional compensation made during the project. We agree.

Article 10 of the contract entered into by C.B.I. and the authority provides as follows: "The Engineer shall act as the Owner's representative during the construction period. He shall decide questions which

may arise as to the quality and acceptability of products furnished and work performed. He shall interpret the intent of the Contract Documents in a fair and unbiased manner. The Engineer will make visits to the site and determine if the work is proceeding in accordance with the Contract Documents. He shall judge as to the accuracy of quantities submitted by the contractor in partial payment estimates and the acceptability of the work which these quantities represent. The decision of the Engineer shall be final and conclusive and binding upon all parties to the contract."

An engineer can make final and binding decisions if granted the authority and the decisions are within the authority conferred by the parties. See *State Hwy. Dept. v. MacDougald Constr. Co.*, 189 Ga. 490 (6 SE2d 570) (1939). In the instant case, C.B.I. submitted requests for extensions of time and additional compensation to JJ&G as a result of abnormal weather conditions, leaks in an aeration basin caused by deficient design, and sewerage overflows. On its face, Article 10 does not confer authority upon JJ&G to make binding decisions regarding requests for time extensions for the reasons outlined by C.B.I. in its claims, nor does the provision provide JJ&G with the authority to make binding decisions regarding claims for additional compensation.

In fact, the record indicates that other provisions in the subject contract designate *the authority itself* as the exclusive entity to consider and determine the merit of C.B.I.'s requests for time extensions and additional compensation. The provisions which specifically pertain to claims submitted for additional time and compensation conclusively establish the limited scope of authority conferred by Article 10. After consideration of the contract as a whole, we find that Article 10 does not relate to questions regarding the subject claims. "The construction which will uphold a contract in whole and in every part is to be preferred, *and the whole contract should be looked to in arriving at the construction of any part.*" (Emphasis supplied.) OCGA § 13-2-2 (4); see also *Hunsinger v. Lockheed Corp.*, 192 Ga. App. 781 (386 SE2d 537) (1989). Accordingly, the trial court erred in granting partial summary judgment in favor of the authority.

2. Our holding in Division 1 renders moot the remaining enumerations of error.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED JULY 10, 1992 —
RECONSIDERATION DENIED JULY 21, 1992 — ■

*Griffin, Cochrane & Marshall, Harry L. Griffin, Jr., Robert D. Marshall, John D. Marshall, Jr., Robert T. Tifverman,* for appellant.

*Smith & Fleming, Robert O. Fleming, Jr., George D. Wenick, Jones, Cork & Miller, Warren W. Plowden,* for appellee.