A93A0243. DUFFETT et al. v. E & W PROPERTIES, INC.
(430 SE2d 858)

BIRDSONG, Presiding Judge.

Appellant Kay O. Duffett and other homeowners brought suit seeking to enforce, against appellee developer, the assessment provisions contained in a Declaration of Protective Covenants for Ashland Subdivision (covenants). Appellee filed a motion to dismiss or in the alternative motion for judgment on the pleadings, and the trial court partially granted the alternative motion for judgment on the pleadings. The trial court made its order final under the provisions of OCGA § 9-11-54 (b).

Appellants' sole enumeration of error is that the trial court erred in holding that the language of the covenants was unambiguous and that appellee, as developer, is not liable to pay an annual assessment for the installation and operation of street lights, and for landscaping

and maintenance of common subdivision areas. Appellants contend the pertinent covenant language is ambiguous, even after application of rules of contract construction, thereby necessitating interpretation of the covenant provision by the jury.

The covenants, drafted by appellee, pertinently provide: "A fee, $10.00 per month initially, will be assessed to each lot owner to go to a fund to be used for the installation and operation of street lights and for landscaping and maintenance of common areas of the subdivision including irrigation. All *purchasers and subsequent purchasers* of lots subject to these covenants agree to pay said fee and make payments according to the following terms . . . (B) Payment for the calendar year of sale will be made when the lot owner takes title to the property, prorated to the end of the calendar year . . . (C) Payment shall be made to the Ashland Lighting and Maintenance Account in care of the bank designated by the Committee responsible for same; (D) Administration of the account will be the responsibility of a committee of three members elected by the lot owners with an owner having a vote for each lot owned. Owner shall have the option of administering the account until seventy-five percent (75%) of the lots are sold." The covenants also provided in the preamble thereof that appellee shall hereinafter be referred to as "Owner."

Appellants asserted in their complaint that appellee is a "lot owner," as defined in the above covenant provisions, and therefore stands on the same footing as other lot owners regarding these assessments. Appellants also asserted therein that appellee elected the option of administering the lighting and maintenance account and, further, that the covenants did not exempt appellee from payments of assessments. Appellee/developer admitted in its answer that it has not paid any assessments for the subdivision lots it owns. *Held*:

1. Initially we conclude the trial court correctly determined it could grant a partial motion for judgment on the pleadings, as to the claim of appellee's alleged failure to pay the assessments in issue, notwithstanding that, although this claim was one of several averred in the complaint, it was not listed in a separate and distinct pleading count. See generally OCGA § 15-6-8 (6). "A motion for judgment on the pleadings is closely related to a motion for summary judgment." (*Dukes v. Joyner*, 234 Ga. 526 (1) (216 SE2d 822)), and there exists express statutory authorization to grant partial summary judgment as to a *claim*. OCGA § 9-11-56 (b). It is a claim within a count and not the procedural count itself which is the real subject of motions for partial summary judgment or motions on the pleadings directed as to partial claims. Compare *First Nat. Bank &c. v. Osborne*, 233 Ga. 602, 604 (1) (212 SE2d 785) with *Fagala v. Morrison*, 146 Ga. App. 377, 378 (2) (246 SE2d 408); cf. *Spafford v. Maseroni*, 186 Ga. App. 290, 291 (367 SE2d 102) (error to deny motion for partial judgment on

pleadings where pleadings affirmatively show that no *claim* in fact existed as to Counts 2 and 3 thereof).

2. "The cardinal rule of [contract] construction is to ascertain the intention of the parties." OCGA § 13-2-3. Contract construction is a three-step process. Initially, the construction of the contract is a question of law for the court. First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. See generally *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308); *Karlan, Inc. v. King*, 202 Ga. App. 713, 715 (1) (415 SE2d 319). That is, where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. *Howell Mill-Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 173 (3) (390 SE2d 257). Secondly, if ambiguity does appear, "[t]he existence or non-existence of an ambiguity is itself a question of law for the court. [Cits.] [Finally, a] jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction." *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 256 (2) (381 SE2d 322). This is true even if the contract is difficult to construe. Id. Further, a contract should be construed by examining the agreement in its entirety, and not merely by examining isolated clauses and provisions thereof. See OCGA § 13-2-2 (4); *C. B. I. Na-Con v. Macon-Bibb County Water &c. Auth.*, 205 Ga. App. 82, 83 (421 SE2d 111).

The trial court found a consistent reference throughout the covenants to the appellee/subdivider as the "owner" and to the purchasers of the lots from the owner and their successors in title as "lot owners" or "purchasers"; and concluded that, under these circumstances, the crucial language of the covenant in question (paragraph 25) imposed the assessment at issue on each "lot owner." The trial court therefore construed the covenants as imposing the assessment only on lots which have been sold by appellee/subdivider to third parties, and as imposing no contractual liability on the part of appellee to pay an assessment on lots owned by it. Examining the contract in its entirety, we are satisfied the trial court construed the contract consistent with the intention of the parties, and that after such construction, no ambiguity remained which would give rise to a jury issue. As the covenants, as a matter of law, did not impose any duty on appellee to pay the assessment, any averment in the complaint grounded upon such a claim would be subject to a judgment on the pleadings; the trial court did not err in directing "the entry of a final judgment to the effect that the defendant (the subdivider, or 'owner') is not liable to pay an annual assessment for the installation and operation of street lights and for landscaping and maintenance of common areas in the subdivision."

Parties are free, except as prohibited by statute or public policy, to contract on any terms and about any subject matter they so desire; any statutory impairment of the right to contract must be specifically expressed or necessarily implied by the legislature in a statutory prohibition, and cannot be grounded on mere speculation. *Porubiansky v. Emory Univ.*, 156 Ga. App. 602, 603 (275 SE2d 163), aff'd 248 Ga. 391 (282 SE2d 903). We find unpersuasive appellants' various arguments that the interpretation placed upon the covenants by the trial court violated either public policy or statute. Any statutory provisions contained in the Georgia Condominium Act, OCGA § 44-3-70 et seq., are inapplicable to the protective covenants pertaining to Ashland subdivision; in fact, the record does not establish that any condominiums are located within Ashland.

Appellants assert that an issue of estoppel would be created by any contention by appellee that it was a "lot owner" for voting purposes but not for purposes of assessment. As this issue has not been reasonably raised by enumeration of error, it cannot be considered on appeal. *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (2) (367 SE2d 272).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED APRIL 15, 1993.

*Dean A. Williams*, for appellants.
*Wendell T. Dawson*, for appellee.