A04A2151. ESI COMPANIES, INC. v. FULTON COUNTY.
(609 SE2d 126)

ELDRIDGE, Judge.

ESI Companies, Inc. contracted with Fulton County for the Replacement of Security and Life Safety Systems in the Fulton County Jail ("Jail Project") without the inclusion in the contract price for sales and use taxes, because Fulton County's bid instructions and requirement required the tax exclusion from the bid. When ESI could not get tax exemption status for sales and use taxes and was required to pay such to the State of Georgia, it sought to recover such taxes from Fulton County by this suit. The trial court granted summary judgment to Fulton County. Finding no error, we affirm.

---

[13] See id.
[14] See id. at 743; *Whitfield v. State,* 217 Ga. App. 402, 404-405 (3) (457 SE2d 682) (1995).

ESI does work in many states where tax exemption of a governmental entity can be assigned to any contractor doing work for such governmental entity. Prior to submitting its bid, ESI did not research the sales and use tax laws of Georgia or contact the Georgia Revenue Department to determine if it could obtain tax exemption, because it relied upon its own experience in other states and practices and customs in the trade from other states. The contract and the bid documents did not give or promise to give ESI tax exemption. The contract was silent as to who would bear the cost of the sales and use tax, but the bid documents instructed all bidders not to include sales and use taxes in their bids. Further, the normal language of this form AIA contract, indicating that the contractor must pay sales and use taxes, was omitted from the form contract. The Bidding Requirements clearly stated "All prices must exclude Georgia State sales taxes and all other taxes unless otherwise specified in writing by Fulton County." The contract gave a fixed price for the work and said nothing about who would pay sales and use taxes under the contract.

ESI submitted its bid without any request for clarification regarding the payment of sales taxes or assignment of a tax exempt status and gave a bid excluding Georgia sales and use taxes. The ESI bid was accepted, and Fulton County drafted the contract. The total contract price was $3,708,000. ESI made no request that the contract state that ESI was not liable for sales tax, that it would be assigned tax exemption, or that it would be indemnified if it had to pay sales and use taxes in performing the contract.

Under Georgia statute, OCGA § 48-8-63, the contractor is treated as the consumer liable for sales and use taxes; even when the state or governmental entity is the actual consumer, the contractor remains liable for such taxes. 1962 Op. Atty. Gen. pp. 559, 560, and 547. Thus, at the time of the bid, all parties were on constructive notice that under Georgia sales and use taxes, there was no tax exemption. OCGA § 48-8-63. "All persons are presumed to know the law." *Harry v. Glynn County*, 269 Ga. 503, 506 (4) (501 SE2d 196) (1998); see also *Puckett Paving Co. v. Carrier Leasing Corp.*, 236 Ga. 891, 892 (225 SE2d 910) (1976). Thus, ESI submitted its bid under a mistake of law and did nothing to protect itself prior to entering into the contract.

On motion for summary judgment, the trial court admitted parol evidence that ESI contended showed the intent of the parties to exempt ESI from paying sales and use taxes. Such evidence showed that on April 28, 2000, after the contract had been executed, Fulton County issued to ESI what was purported to be a State of Georgia Sales and Use Tax Certificate of Exemption. However, the Georgia Department of Revenue informed ESI upon presentation of the purported Certificate of Exemption that there was no such exemption

under Georgia revenue law. Gus Robertson, Fulton County Purchasing Department, testified that prior to the bid submission, Fulton County had modified its forms to change the instructions to bidders to include the taxes in their bid estimates, rather than to exclude taxes. However, Fulton County empowered its purchasing agents with the authority to insert in the instructions to bidders a specific provision directing bidders to exclude taxes from all bids, which was done in this case.

After the contract had been executed and ESI's certificate of exemption was rejected, ESI notified Fulton County that it would be held liable for the added costs for the sales and use taxes that ESI had excluded from its bid at Fulton County's direction.

1. ESI contends that the trial court erred in not finding that ESI was intended by the parties to be exempt from Georgia sales and use taxes under the contract. We do not agree.

(a) The contract documents, i.e., the executed contract and the bidding documents, represented the entire agreement between the parties. Absent any ambiguity on the face of the agreement, the trial court cannot use the rules of contract construction to interpret the agreement between the parties but must enforce the agreement as written. *Duffett v. E & W Properties*, 208 Ga. App. 484, 486 (2) (430 SE2d 858) (1993); see generally *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986). Here, the contract documents are clear and unambiguous that Fulton County would not pay either directly or indirectly Georgia sales and use taxes. Nowhere does either the bidding documents or the contract documents as a whole state that ESI would be exempt from liability for sales and use taxes. From the plain and unambiguous language of the contract documents, it was plain that Fulton County would not pay sales and use taxes; therefore, ESI would be liable for such sales and use taxes. *Duffett v. E & W Properties*, supra at 486.

Contract construction involves three steps:

[(1)] if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction; [(2)] if ambiguity does appear, the existence or nonexistence of an ambiguity is a question of law for the court[; and (3)] a jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction.

(Citation and punctuation omitted.) *Thomas v. B & I Lending*, 261 Ga. App. 39, 41 (1) (581 SE2d 631) (2003); accord *Duffett v. E & W Properties*, supra at 486.

The existence or nonexistence of ambiguity in a contract is a matter of law for the court to determine. *Cassville-White Assoc. v. Bartow Assoc.*, 150 Ga. App. 561, 564 (3) (258 SE2d 175) (1979). Ambiguity in a contract may be defined as duplicity, indistinctness, and uncertainty of meaning or expression. *Taylor v. Estes*, 85 Ga. App. 716, 718 (1) (70 SE2d 82) (1952); accord *Thomas v. B & I Lending*, supra at 41. Where language is susceptible of more than one reasonable understanding, the intent of the parties is to be ascertained. *Nat. Manufacture &c. Corp. v. Dekle*, 48 Ga. App. 515, 521 (1) (173 SE 408) (1934). However, "no construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation." *R. S. Helms, Inc. v. GST Dev. Co.*, 135 Ga. App. 845, 848 (219 SE2d 458) (1975); see also *Thomas v. B & I Lending*, supra at 41. In this case, the contract document language was plain and unambiguous, requiring no construction by the court.

(b) Plainly, ESI made a mistake of law in believing that it could obtain a certificate of exemption for sales and use tax from Fulton County that would relieve it as the consumer of the State of Georgia sales and use tax. A contract will not be reformed in equity where one party makes a mistake of law through ignorance or neglect. OCGA § 23-2-27; *Atkinson v. Atkinson*, 254 Ga. 70, 74 (2) (326 SE2d 206) (1985); *Robbins v. Nat. Bank of Ga.*, 241 Ga. 538, 544 (2) (246 SE2d 660) (1978). "The rule is well settled that a simple mistake by a party as to the legal effect of an agreement which he executes, or as to the legal result of an act which he performs, is no ground for either defensive or affirmative relief." (Citation and punctuation omitted.) *Robbins v. Nat. Bank of Ga.*, supra at 544. Here, ESI was negligent prior to submitting its bid in not determining the sales tax law for itself and for not making inquiry to the Georgia Department of Revenue to determine if there was any exemption by assignment from sales and use taxes. OCGA § 23-2-21; *Callan Court Co. v. C & S Nat. Bank*, 184 Ga. 87, 130 (3) (190 SE 831) (1937); *Frame v. Hunter, Maclean, Exley & Dunn, P.C.*, 236 Ga. App. 226, 227-228 (511 SE2d 585) (1999) (physical precedent only). Thus, this case was brought on the basis of an alleged ambiguity as to who should pay the sales tax, because ESI was barred from any action for equitable reformation of the contract.

(c) Further, ESI seeks to vary the plain meaning of the agreement through parol evidence so that it can be reimbursed for sales and use tax paid, although the contract documents instructed ESI to exclude all sales and use taxes from its successful bid. ESI seeks to introduce parol evidence to vary the terms of the agreement to recoup the sales and use taxes that it paid. The purpose of the parol evidence rule is to bring finality to an agreement, except when ambiguity requires

that the language of the contract be explained but not varied. *Albany Fed. S & L Assn. v. Henderson*, 198 Ga. 116, 143 (6) (31 SE2d 20) (1944); *Stonecypher v. Ga. Power Co.*, 183 Ga. 498, 501 (1) (189 SE 13) (1936). Parol evidence is only admissible when any ambiguity cannot be resolved through the application of the rules of contract construction by the trial court and when such unresolved ambiguity must be resolved by a jury as a matter of disputed fact. OCGA § 13-2-2 (1); *American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1) (1982); *Andrews v. Skinner*, 158 Ga. App. 229, 230 (279 SE2d 523) (1981). Therefore, any parol evidence as to the aborted attempt by Fulton County to issue a certificate of exemption, as to Fulton County's change in policy to have the bidding instruction include sales and use taxes, and as to Fulton County's authorization of contract officers to omit sales and use tax from the bidding instructions was not admissible into evidence under the parol evidence rule. What ESI seeks to do is to vary the agreement from Fulton County not being liable for sales and use taxes to Fulton County having to reimburse ESI for the sales taxes that ESI paid, which is having Fulton County indirectly liable for the sales taxes. Parol evidence cannot be used to vary the terms of the written agreement. *Early v. Kent*, 215 Ga. 49, 50 (1) (108 SE2d 708) (1959).

2. The remaining enumerations of error are controlled by Division 1.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED DECEMBER 30, 2004.

*Hendrick, Phillips, Salzman & Flatt, Martin R. Salzman, Andrew R. McBride, Bart W. Reed*, for appellant.

*Nicolle G. Holt, Robert L. Martin, John A. Ayoub*, for appellee.