**FIFTH DIVISION
PHIPPS, P. J.,
DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 25, 2016**

# In the Court of Appeals of Georgia

A16A1274. INGLETT & STUBBS INTERNATIONAL, LTD. v. RILEY.

PHIPPS, Presiding Judge.

Inglett & Stubbs International, Ltd. ("Inglett") petitioned the Commissioner of the Georgia Department of Revenue ("the Department") for a refund of approximately $1,900,000 in sales tax. The Department denied the request, and Inglett appealed to the Georgia Tax Tribunal. Following an adverse ruling from the Tax Tribunal, Inglett sought judicial review in the superior court, which upheld the Tribunal's decision. Finding no error, we affirm.

The parties stipulated below to the pertinent facts. Inglett is a Smyrna-based electrical contractor that provides services in international locations. In 2004 and 2010, the United States Department of the Army awarded Inglett several contracts for

construction and installation of electrical distribution systems in Afghanistan. In connection with these contracts, Inglett purchased materials that were delivered to and stored in its Smyrna warehouse, then shipped to Afghanistan for use on the projects. Although Inglett paid sales tax on the materials, it subsequently requested a refund from the Department, asserting that it was a reseller not responsible for sales tax.

The Department rejected the refund request, and Inglett appealed to the Tax Tribunal.[1] An Administrative Law Judge ("ALJ") on the Tribunal[2] upheld the Department's decision, finding, among other things, that Inglett was a consumer liable for sales tax, rather than a reseller. Inglett appealed the ALJ's decision to the

---

[1] The Tax Tribunal is an independent, specialized agency created by the General Assembly in 2012 "to resolve disputes between the [D]epartment and taxpayers in an efficient and cost-effective manner." OCGA § 50-13A-2. See also OCGA §§ 50-13A-1 ("This chapter shall be known and may be cited as the 'Georgia Tax Tribunal Act of 2012.'"); 50-13A-3 ("As used in this chapter, the term 'tribunal' means the Georgia Tax Tribunal established by Code Section 50-13A-4 which shall be an independent and autonomous division within the Office of State Administrative Hearings operating under the sole direction of the chief tribunal judge."); 50-13A-4 (creating the Tax Tribunal).

[2] See OCGA § 50-13A-5 (a) ("The [Tax Tribunal] shall consist of at least one full-time administrative law judge. If the tribunal has more than one judge, each shall exercise the powers of the tribunal in all matters, causes, or proceedings assigned to him or her.").

2

Superior Court of Fulton County, which affirmed. We granted Inglett's application for discretionary review, and this appeal followed.

Pursuant to OCGA § 50-13A-17, any party may appeal a final decision of the Tax Tribunal to the Superior Court of Fulton County.[3] The superior court defers to the Tribunal's factual findings, but may reverse or modify the judgment if

> substantial rights of the petitioner have been prejudiced because the tribunal judge's findings, inferences, conclusions, or judgments are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the tribunal; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[4]

On further appeal to this Court, we conduct "a de novo review of claimed errors of law in the superior court's appellate review of an ALJ's decision."[5] We also

---

[3] See OCGA § 50-13A-17 (a) & (b).

[4] OCGA § 50-13A-17 (g).

[5] *Upper Chattahoochee Riverkeeper v. Forsyth County*, 318 Ga. App. 499, 502 (734 SE2d 242) (2012) (punctuation and footnote omitted).

consider de novo any interpretation of a statute or agency regulation.[6] With these standards in mind, we turn to the tax question at issue.

"Every purchaser of tangible personal property at retail in this state shall be liable for a tax on the purchase at the rate of 4 percent of the sales price of the purchase."[7] A sale "at retail" is "any sale, lease, or rental for any purpose other than for resale, sublease, or subrent."[8] Although retail sellers generally must collect sales tax and remit it to the State, "the ultimate consumer is the party liable for the tax."[9] Whether a party is a consumer, therefore, is key in assessing sales tax liability.

Inglett contends that it is a reseller to the United States government – rather than a retail consumer – and thus need not pay sales tax on items bought for the Afghanistan contracts.[10] We disagree. In *J. W. Meadors & Co. v. State*,[11] this Court

---

[6] Id.

[7] OCGA § 48-8-30 (b) (1).

[8] OCGA § 48-8-2 (31).

[9] *Ciba Vision Corp. v. Jackson*, 248 Ga. App. 688, 690 (1) (548 SE2d 431) (2001). See also OCGA §§ 48-8-30 (b) (1) (retail purchasers shall be liable for tax on purchase); 48-8-30 (b) (2) ("No retail sale shall be taxable to the retailer or dealer which is not taxable to the purchaser at retail."). A retailer that fails to collect sales tax, however, is responsible for the tax. See OCGA § 48-8-30 (b) (1).

[10] See OCGA § 48-8-3 (1) (sales tax is not levied upon "[s]ales to the United States government . . . when paid for directly to the seller by warrant on appropriated

4

addressed whether a contractor purchasing materials for a construction contract should be viewed as a retail consumer or a reseller for sales tax purposes. We ultimately deemed the contractor a consumer, noting:

> A contractor when fabricating personalty into realty neither sells, resells, sells at retail, nor can he be considered a retailer. A contractor who buys building material is not one who buys and sells – a trader. He is not a dealer, or one who habitually and constantly, as a business, deals in and sells any given commodity. He does not sell lime and cement and nails and lumber. Sales to contractors are sales to consumers.[12]

Shortly after *Meadors*, the General Assembly codified this contractor-as-consumer rule.[13] The relevant language, which appears in OCGA § 48-8-63 (b), provides:

> Each person who orally, in writing, or by purchase order contracts to furnish tangible personal property and to perform services under the contract within this state shall be deemed to be the consumer of the

---

government funds").

[11] 89 Ga. App. 583 (80 SE2d 86) (1954).

[12] Id. at 584-585 (2) (citations and punctuation omitted).

[13] See Ga. L. 1955, p. 389-390.

tangible personal property and shall pay the sales tax imposed by this article at the time of the purchase.[14]

Under the contractor-as-consumer rule, therefore, a contractor generally is a retail consumer liable for sales tax on property purchased for contract work.[15] On appeal, Inglett argues that the rule does not apply here because the Afghanistan contracts were performed outside of Georgia. It is true that a contractor becomes a consumer when it "contracts to furnish tangible personal property and to perform services under the contract *within this state*."[16] But the Afghanistan contracts required

---

[14] See also OCGA § 48-1-2 (18) (for purposes of the Georgia tax code, a "person" is "any individual, firm, partnership, cooperative, nonprofit membership corporation, joint venture, association, company, corporation, agency, syndicate, estate, trust, business trust, receiver, fiduciary, or other group or combination acting as a unit, body politic, or political subdivision, whether public, private, or quasi-public").

[15] See *Meadors*, supra. See also *Strickland v. W. E. Ross & Sons*, 251 Ga. 324, 325 (1) (304 SE2d 719) (1983) ("'Contractors' are persons who contract to furnish tangible personal property and perform services thereunder in constructing or repairing real property and are deemed to be the consumer of such tangible personal property. Contractors must pay the sales tax on this tangible personal property at the time they purchase it.") (citation and punctuation omitted); *ESI Cos. v. Fulton County*, 271 Ga. App. 181, 182 (609 SE2d 126) (2004) ("Under Georgia statute, OCGA § 48-8-63, the contractor is treated as the consumer liable for sales and use taxes; even when the state or governmental entity is the actual consumer, the contractor remains liable for such taxes.") (citation omitted).

[16] OCGA § 48-8-63 (b) (emphasis supplied).

6

Inglett to provide all "materials, tools, equipment, and . . . other items as necessary to complete the work." And Inglett concedes that it purchased the work-related materials within Georgia, then stored those items in its Smyrna facility pending shipment to Afghanistan.[17]

In carrying out its contractual responsibilities, Inglett performed work and services in Georgia, purchasing and storing property in the state. These facts bring Inglett within the contractor-as-consumer rule in OCGA § 48-8-63 (b), subjecting it to sales tax liability. The fact that Inglett shipped the purchased materials to Afghanistan makes no difference.[18] To find otherwise would misconstrue OCGA §

---

[17] At points below, Inglett asserted that it purchased materials outside of Georgia, potentially implicating use tax, rather than sales tax. Compare OCGA § 48-8-30 (b) (1) (purchasers of tangible personal property at retail in Georgia shall be liable for sales tax on the purchase) with OCGA § 48-8-30 (c) (1) (owner or user of tangible personal property purchased outside of state shall be liable for tax "[u]pon the first instance of use, consumption, distribution, or storage [of the property] within this state"). Inglett now concedes that this case only involves property purchased within Georgia. Use tax, therefore, is not at issue.

[18] See *Nat. Svc. Indus. v. Hawes*, 227 Ga. 221, 223 (179 SE2d 765) (1971) ("[P]urchases from sellers in Georgia . . . are taxable, whether or not designated at all times for future shipment outside the State.").

48-8-63 (b) and ignore the common law rule underlying it.[19] The superior court, therefore, properly affirmed the ruling of the Tax Tribunal.

*Judgment affirmed. Peterson, J., concurs and Dillard, J., concurs in judgment only .*

---

[19] See *Meadors*, supra. See also *Cox v. Barber*, 275 Ga. 415, 416 (1) (568 SE2d 478) (2002) ("In construing statutes, courts shall look diligently for the intention of the General Assembly. The words of a statute should be given a reasonable and sensible interpretation to carry out the legislative intent and render the statute valid.") (footnotes omitted); *Peachtree-Cain Co. v. McBee*, 254 Ga. 91, 93 (1) (327 SE2d 188) (1985) ("All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts.") (citations and punctuation omitted). See also Ga. L. 1955, p. 389 (amending the Georgia Retailers' and Consumers' Sales and Use Tax Act "so as to provide that contractors shall be deemed to be consumers under this Act and liable for sales and use tax on all tangible personal property used in fulfilling a contract").

A16A1274.  INGLETT & STUBBS INTERNATIONAL, LTD. v.

RILEY.

DILLARD, Judge.

I concur in judgment only because I do not agree with all that is said in the majority opinion. As such, the majority's opinion decides only the issues presented in the case sub judice and may not be cited as binding precedent. See Court of Appeals Rule 33 (a).